**FORD MOTOR COMPANY, a Delaware Corporation, Plaintiff,**

v.

**TRANSPORT INDEMNITY COMPANY, a California Corporation, and Central National Insurance, an Iowa Corporation, Defendants.**

Civ. A. No. 80–73925.

United States District Court,
E. D. Michigan, S. D.

March 9, 1981.

George E. Ward, Kaufman, Roche & Ward, P. C., Detroit, Mich., for plaintiff.

Robert E. Edick, Dykhouse & Wise, Detroit, Mich., Kent Keller, Barger & Wolen, Los Angeles, Cal., for Transport Indem. Co.

Robert A. Straub, Detroit, Mich., for Central Nat. Ins.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case was commenced by plaintiff Ford Motor Company against two insurers for payment on claims allegedly due and owing to plaintiff. Ford alleges that Automobile Transport, Inc., a common motor carrier, was insured by defendant insurers against legal liability incurred by ATI in the transport of goods. Ford alleges that it delivered goods to ATI for shipment and that ATI is liable to Ford for damages to the goods. ATI is not a party to this action.

Defendant insurers allegedly insured ATI against the same types of liability, but for different time periods. The period during which defendant Transport Indemnity Company (TICO) insured ATI commenced at an unspecified date and ran through February 15, 1979. TICO resumed coverage on Sep-tember 15, 1979 to the present. Defendant Central National Insurance (CNI) provided coverage during the gap in TICO's coverage, February 15, 1979 to September 15, 1979. In Count I of its complaint, Ford seeks recovery on its claims against TICO in the amount of $2,277,666.54, plus interest, costs, and attorney fees. In Count II of its complaint, Ford seeks recovery on its claims against CNI in the amount of $1,163,490.39, plus interest, costs, and attorney fees. The complaint does not name ATI as a defendant, and states that ATI was adjudicated a bankrupt in the Federal Bankruptcy Court for this district on January 3, 1980.

Ford's action against TICO and CNI was commenced on October 22, 1980. TICO filed an answer to Ford's complaint on November 21, and shortly thereafter filed a Notice of Filing of Petition and Bond for Removal of Ford's suit against TICO and CNI to Bankruptcy Court in this district. This Notice was served on both Ford and CNI. Attached as an exhibit to the Notice is a copy of TICO's Application for Removal filed in Bankruptcy Court, which states TICO's intent to file an adversary action against Ford and ATI in Bankruptcy Court and which further states that that action is one arising in or related to the bankruptcy proceeding initiated by the debtor, ATI.

This case is now before this court on Ford's motion for a determination that TICO's removal application does not affect Ford's claim against CNI in this court, and for a determination that its claim against TICO is not within the jurisdiction of the Bankruptcy Court. Only TICO has filed a response to this motion, and it argues that this court lacks jurisdiction to entertain Ford's motion in that TICO's removal application operated automatically to divest the jurisdiction of this court. TICO also argues that the Bankruptcy Court may assume jurisdiction of this action as it arises in or relates to the bankruptcy proceeding involving ATI, and that TICO's removal application effectively removed the entire case to Bankruptcy Court, including that part of the case involving Ford's claims against CNI only.

Under 28 U.S.C. § 1471, Bankruptcy Courts have jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. Removal is governed by 28 U.S.C. § 1478:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

■ TICO argues that its removal application effectively transferred the entire lawsuit to Bankruptcy Court. This court does not agree, and holds that, to the extent that TICO's application exceeded in scope the power to remove granted by 28 U.S.C. § 1478, the application is a nullity. For the reasons given below, the application to remove operated to remove only Ford's claims against TICO and not against CNI.

Ford's claims against TICO and CNI are separate, independent claims. Ford does not allege that the defendant insurers are jointly and severally liable to it, or that there is any relationship between the two insurers. Rather, Ford asserts independent liability against each insurer on independent causes of action. Its lawsuit is, in essence, two separate lawsuits against these two entities. Ford utilized liberal joinder of parties procedure to present its claims in one lawsuit, and thereby saved an additional filing fee, and perhaps contemplated that trial of its claims would be more efficient due to common questions of law and fact. Its claims, however, against the two insurers remain separate and independent. If Ford had opted to file two separate lawsuits, TICO would clearly have had no power to remove the Ford-CNI suit to Bankruptcy Court, because TICO would not have been a party to that lawsuit. The court believes the result should be no different merely because Ford presented its claims in one action. TICO is simply not a party to the cause of action asserted against CNI.

TICO argues, however, that Interim Bankruptcy Rule 7004 allows the removal of an entire case. That Rule provides in subsection (a)(1):

A party desiring to remove any civil action or proceeding from a federal or state court shall file in the bankruptcy court for the district and division within which such action is pending a verified application containing a short and plain statement of the facts which entitle him or them to remove together with a copy of all process and pleadings.

TICO relies as well on subsection (c) of that Rule:

Promptly after the filing of the application and bond, the party filing the removal application shall give written notice thereof to all adverse parties and shall file a copy of the application with the clerk of the court from which the civil action or proceeding was removed which shall effect the removal and the parties shall proceed no further in that court unless and until the case is remanded.

TICO's reliance on Rule 7004 does not support its position for two reasons: first, the language of the Rule itself indicates that a party's removal power is limited in scope; and second, the *statute* governing removal controls in any event, and its scope cannot be expanded by the Rule.

Although Rule 7004(a)(1) refers to removal of a civil action, subsection (c) clearly indicates that a party's ability to do so may not exist in every situation. The latter subsection requires notice to *adverse parties*, and directs that the *parties* shall proceed no further in the court from which the *action or proceeding* was removed. Rule 7004(c) does not require notice on *all* parties, but only parties adverse to the removing party. The Rule's prohibition against the parties proceeding further in the origi-

nal court refers back to the party filing the removal petition and those parties adverse to removing party. Thus, all parties to the action are not necessarily affected by a removal petition.

In this case, TICO's position is not adverse to CNI. Thus, notice was not required to be given to CNI. TICO does not acquire the power to prevent Ford from litigating its claims against CNI in this court simply by serving a copy of the Notice of Filing Removal Application on CNI.

More importantly, the Rule in question provides the procedure for implementing § 1478, and cannot expand any party's powers beyond that which was conferred by Congress. Section 1478 of Title 28 contemplates the removal of a claim which may be part of an action to bankruptcy court, and does so in clear, unambiguous language. A *party* has the ability to remove a *claim or cause of action.* Unlike the removal provision applicable to removal of state court actions to federal district court, § 1478 does not provide for the removal of an entire action to bankruptcy court in every situation. *Compare*, 28 U.S.C. § 1441.

■ Because the removal procedures from state to federal court involve the removal of the "civil action," the statute provides an express procedure for the remand of "separate and independent claims or causes of action" that are not removable. There are no similar procedures provided in the bankruptcy removal statute because the statute simply permits remand of the separate "claim or cause of action." Only a particular "claim or cause of action" is removed under the bankruptcy procedure and other claims and causes of action, not covered by the terms of the statute or the removal proceeding, remain for adjudication in the district court.

■ While removal of an entire action to bankruptcy court may be appropriate in certain circumstances, it must be demonstrated that the removing party meets the requirements of § 1478. Those requirements are not met here. Ford's claim against CNI is totally distinct from its claim against TICO. TICO is not a party to Count II of the complaint, and lacks the ability to remove that portion of the suit to bankruptcy court.

Finally, it should be noted that the record in this case does not support TICO's assertion that the entire case is one which "arises in or relates to" the bankruptcy case involving ATI. TICO's answer to Ford's complaint and its adversary complaint against Ford in the bankruptcy case sets forth the allegations on which TICO relies. Those allegations do not concern CNI, and TICO has not made any allegation which would support its assertion that the Ford-CNI issues are related to the ATI bankruptcy case. Indeed, paragraph 4 of its removal application states TICO's intent to file an adversary action against Ford and ATI in bankruptcy court, and further states that *that* action is one which arises in or relates to the Chapter 11 proceeding initiated by ATI. Thus, TICO's removal application on its face does not allege a jurisdictional basis for removing the entire case to bankruptcy court. 28 U.S.C. §§ 1471, 1478.

For the foregoing reasons, the court holds that TICO's removal application is a nullity insofar as it attempts to remove Ford's cause of action against CNI. Ford's motion for a determination that its claims against CNI are not affected by TICO's removal application is granted.

Ford's motion requesting a determination that its claim against TICO is not within the jurisdiction of the bankruptcy court is denied, leaving to the bankruptcy court the right to determine whether it is appropriate to retain that claim or to remand it to this court.

So ordered.