In re NORTH AMERICAN FUNDING CORP., Debtor.

MARKETTA DEVELOPMENT, LTD., Plaintiff,

v.

NORTH AMERICAN FUNDING CORP. and Charles Oewel, Defendants.

In re METAL–X CORPORATION OF TEXAS, Debtor.

METAL–X CORPORATION OF TEXAS, Plaintiff,

v.

ALLOY & STAINLESS, INC., Defendant,

v.

Bill & Jean SPARKS, Third-Party Defendants.

Bankruptcy Nos. 85–02106–H3–5, 85–05755–H2–5.

Adv. Nos. 85–0571–H2, 85–0815–H3.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Sept. 11, 1986.

ORDER DENYING REMAND

R.F. WHELESS, Jr., Chief Judge.

On or about March 9, 1985, Metal-X Corporation ("Metal-X") filed a civil suit against Alloy & Stainless, Inc. ("Alloy") in the 334th District Court of Harris County, Texas. Metal-X filed a Chapter 11 petition on September 9, 1985 in this Court. On October 2, 1985, Metal-X filed a motion to remove the state court claim to the "Bankruptcy Court".

Marketta Development, Ltd. ("Marketta") filed a civil suit against North American Funding Corporation and Charles Oewel ("North American") in the United States District Court for the Southern District of Texas, Houston Division on March 8, 1985. On April 1, 1985 North American filed its Chapter 11 petition in this Court. On June 28, 1985, North American filed a motion to remove the civil matter to the "Bankruptcy Court". In each of these adversary proceedings a party has requested that the cause be remanded as having been improperly removed to the "Bankruptcy Court". This Court declines to remand on that ground.

Under the 1978 Bankruptcy Act, prior to the 1984 Bankruptcy Amendments, the bankruptcy court was essentially an independent system with jurisdiction over title 11 cases even though it was a part of the district court. The removal provision of the 1978 Act allowed the removal of state court claims to the bankruptcy court. 28 U.S.C. § 1478(a) (1982). However, under the 1984 Amendments the district court has original and exclusive jurisdiction of all cases under title 11. 28 U.S.C. § 1334(a). It has original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). Now removals are to the district court. 28 U.S.C. § 1452(a). Now "bankruptcy judges ... constitute a unit of the district court to be known as the bankruptcy court ..." 28 U.S.C. § 157(a). They are judicial officers of the district court who exercise the authority conferred under this chapter. 28 U.S.C. § 151. Bankruptcy judges acquire jurisdiction over only those proceedings which the district court refers to them. Therefore, in a certain sense, the district court is the bankruptcy court and each district court may fashion a method of referring a proceeding to the bankruptcy court.

In the Southern District of Texas all matters related to a bankruptcy proceeding are automatically referred to the bankruptcy court by a standing order dated August 9, 1984. Additionally, in the Southern District of Texas there is only one court clerk serving both the district and the bankruptcy courts. There can be no separate filing with the clerk of the bankruptcy court. Therefore, a removal to the "bankruptcy court" in the Southern District of Texas is the functional equivalent of a removal to the district court.

It is this Court's opinion that a removal to the "bankruptcy court" is a proper removal since the district court has jurisdiction of the proceedings, since all pleadings are filed with the one clerk of the Southern District of Texas, and since styling a removal as a removal to the "Bankruptcy Court" serves to distinguish it from a removal to the district court under *other* statutes (even though this may otherwise be clear from the terms of the application of removal). To sum up, the Bankruptcy Court is the District Court. The Bankruptcy Judges serve as units of the District Court. 28 U.S.C. § 151.

For these reasons, this Court declines to remand any proceeding removed to the "bankruptcy court" as being improperly removed. This Court recommends that the district court decline to remand any such proceeding for the same reasons.