In re PRINCESS LOUISE CORPORATION, Debtor.

PRINCESS LOUISE CORPORATION, et al.,

v.

PACIFIC LIGHTING LEASING CO., et al.,

and

Related Cross Actions.

Bankruptcy No. LAX 87–10102–SB. Adv. No. LA 87–01120–SB.

United States Bankruptcy Court, C.D. California.

Aug. 28, 1987.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, Cal., for debtor.

W. David Smith, Pacific Lighting Leasing Co., Los Angeles, Cal., Caroline Consolver, Pacific Lighting Leasing Co., Culver City, Cal., Ray Meline, Hollywood, Cal., for Pacific Lighting Leasing Co.

C. Randall Cook, Obispo, Cal., for Mervin Davis.

OPINION RE SCOPE OF REMOVAL

SAMUEL L. BUFFORD, Bankruptcy Judge.

## I. INTRODUCTION

This adversary proceeding was removed to this Court from Los Angeles County Superior Court by the debtor Princess Louise Corporation ("Princess Louise"). The debtor has brought a motion for the determination of whether all of the proceedings in superior court have been removed to this Court, or only a portion thereof.

The Court holds that, pursuant to the specific language of the removal petition, the entire state court action including cross-complaints has been removed to this Court. In consequence, nothing remains in state court, and that court lacks jurisdiction to proceed until such time as this Court may remand some or all of the removed litigation.

Defendant Pacific Lighting Leasing Co. ("Pacific Lighting") previously brought a motion for remand before the Court, which the Court denied without prejudice on the grounds that it was premature. While it appears that certain portions of the superior court case should be remanded in due course to state court, in part on the grounds that this Court lacks jurisdiction over such claims, this issue is not yet ripe for adjudication.

## II. FACTS

The debtor previously owned The Princess Louise, a former cruise ship now anchored in the Los Angeles harbor in San Pedro and converted to a restaurant. The debtor sold the business prior to the filing of this bankruptcy case, and its principal assets are now apparently a liquor license and its rights in the litigation removed from state court.

The debtor filed its Chapter 11 bankruptcy case on May 19, 1987. Some five years earlier the debtor filed an action in the Los Angeles County Superior Court for the specific enforcement of a settlement agreement with Pacific Lighting. Pacific Lighting cross-complained against Princess Louise, Podesta-Moller & Associates and six individuals on several causes of action arising out of a related transaction. Mervin Davis, one of the individual cross-defendants, cross-complained against Princess Louise, Podesta-Moller & Associates and two of the remaining cross-defendants for breach of contract and other relief also rising out of the related transaction.

Trial in the Superior Court is set for September 1, 1987. The parties are anxious to commence trial because of the California five-year rule. California Code of Civil Procedure ("CCP") § 583.310 (West Supp.1987) provides:

An action shall be brought to trial within five years after the action is commenced against the defendant.

The sanction for violating this command is set forth in CCP § 583.360(a) (West Supp. 1987):

An action shall be dismissed by the court on its own motion or on the motion of the defendant ... if the action is not brought to trial within the time prescribed in this article.

These statutory provisions require that trial commence, according to the parties, on or before October 1, 1987.

Defendant Pacific Lighting has asserted here and in state court that the removal extends only to the original complaint filed by the debtor in state court, and not to the cross-complaints filed by other parties in that case. In consequence, the debtors have brought this motion to determine the scope of the removal.

### III. DISCUSSION

#### A. *Statutory Framework*

Removal to the bankruptcy court of a state court case relating to a bankruptcy case is governed by 28 U.S.C. § 1452(a) (Supp.1987), which provides:

A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334 is the jurisdictional statute for bankruptcy cases and related proceedings. Subsection (b) provides:

[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code].

28 U.S.C. § 1334(b) (Supp.1987). The reference of such cases from district court to bankruptcy court is authorized by 28 U.S.C. § 157(a) (Supp.1987), which provides:

Each district court may provide that any or all cases under [the Bankruptcy Code] and any or all proceedings arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code] shall be referred to the bankruptcy judges for the district.

All of the judicial districts in the United States, including the Central District of California, have adopted general orders referring to the bankruptcy courts all matters within the scope of section 157(a). Where such an order is in effect, removal is made directly to the bankruptcy court.[1] *Marketta Development, Ltd. v. North American Funding Corp. (In re North American Funding Corp.)*, 64 B.R. 795, 796 (Bankr.S.D.Tex.1986); 1 *Collier on Bankruptcy* § 3.01[5][c] (L. King ed. 1987).

#### B. *Removal Procedure*

The removal procedure is set forth in Bankruptcy Rule 9027, which is very similar to the procedure set forth in 28 U.S.C. § 1446 (1973 & Supp.1987) for the removal of a state court case to federal district court. Removal is accomplished by the filing in the bankruptcy court of a verified application containing a short and plain statement of the facts that entitle the applicant to remove. The application must be accompanied by a copy of all process and pleadings filed in the state court. Promptly after filing the application (and a bond if required), the applicant is required to serve a copy of the application on all parties to the removed claim or cause of action. The removal is effective upon the filing of a copy of the removal application (without the accompanying copy of all process and pleadings) in the court from which the action is removed. The parties are then enjoined from proceeding any further in that court unless and until a remand is ordered by the bankruptcy court.

The petition for removal in this case is not accompanied by a copy of all of the pleadings filed in the state court. It is accompanied only by the complaint and the

---

1. Bankruptcy Rule 9027(a), as amended effective August 1, 1987, provides that a removal petition for a bankruptcy-related case is filed with the clerk, who is defined, under amended Rule 9001(3), to be the bankruptcy clerk of the district (if one has been appointed).

cross-complaints. It is not accompanied by the answers on file, or any of the other papers filed in state court, which counsel represent to be very voluminous.

The Court finds that the petition is incomplete because of the failure to accompany it with all of the pleadings filed in Los Angeles County Superior Court. The reason for this requirement is that the physical file of the state court case remains in the state court. The filing of a copy of all process and pleadings is required so that the bankruptcy court will have a copy of the entire state court file, and can proceed to adjudicate the case. However, the failure to file copies of all of the required state court pleadings with the bankruptcy court does not invalidate the removal petition. 14 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 575–76 (2d ed. 1985). Counsel for the debtor is directed to file copies of the remaining pleadings with the Court within fifteen days.

### C. *Scope of Removal*

 Pacific Lighting contends that the cross-complaints, or at least the causes of action therein as to which the debtor is not a party, fall outside the jurisdiction of the bankruptcy court, and that in consequence any attempt to remove them was ineffective. In consequence, Pacific Lighting contends that these claims remain pending in state court, and remain set for trial on September 1, 1987. The debtor, on the other hand, contends that removal was effective as to the entire state court action, and that the state court has no further jurisdiction until such time as this Court should remand all or a portion of the case to it.

The language of section 1452, the bankruptcy removal statute, is different from the language of 28 U.S.C. § 1441 (1973 & Supp.1987), which governs removal from a state court to a federal district court. Section 1441(a) provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending.

The language of this statute relates to "any civil action": In contrast, removal to the bankruptcy court under section 1452(a) extends to "any claim or cause of action in a civil action". Pacific Lighting contends that the latter language is more restrictive, and prohibits the removal of an entire case unless the entire case qualifies for removal. In consequence, Pacific Lighting contends, part of the state court case remains pending in the Los Angeles County Superior Court.

The language of section 1452(a) is also rather different from that contained in 28 U.S.C. § 1441(c) (1973), which provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

While the language of section 1441(c) may be read to permit the removal of part of an action, case law interpreting section 1441 establishes that only the entire state court case may be removed to a federal district court under section 1441. *See, e.g., Allman v. Hanley,* 302 F.2d 559, 562 (5th Cir.1962); *Lowe v. Jacobs,* 243 F.2d 432, 433 (5th Cir.1957), *cert. denied,* 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957); *see generally,* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 403–04 (2d ed. 1985).

Only four cases have been discovered that interpret the scope of removal of an action to the bankruptcy court. In *Philadelphia Life Insurance Co. v. Fuel Oil Supply & Terminaling (In re Fuel Oil Supply & Terminaling),* 30 B.R. 360, 362 (Bankr.N.D.Tex.1983), the court held that the language of the bankruptcy removal statute (then contained in 28 U.S.C.

§ 1478(a)[2], the predecessor of section 1452) should be given the same meaning as that given to "separate and independent claim or cause of action" in section 1441(c). Under this interpretation, a party may remove to the bankruptcy court all claims arising out of a single injury for which redress is sought. Because, in the court's view, all of the claims in the removed action arose out of a single injury, the bankruptcy court held that it had jurisdiction over all of them and they were all removed.

The same reasoning was applied to reach the opposite conclusion in *Ford Motor Co. v. Transport Indemnity Co.*, 508 F.Supp. 1092, 1094–95, 12 B.R. 143, 145–46 (E.D. Mich.1981), where the court held that the removal of a case from the district court to the bankruptcy court was a nullity insofar as it purported to remove a separate and independent claim over which the bankruptcy court lacked jurisdiction. Similarly, in *Wellington Resources Corp. v. Texas (In re Wellington Resources Corp.)*, 20 B.R. 64, 72 (Bankr.N.D.Tex.1982), the court held that the removal of a state court action to bankruptcy court had no effect on the action insofar as it related to parties not before the bankruptcy court. The court held that a temporary injunction issued by the state court after removal was effective as to all parties except the debtors.

In contrast, the court held that the removal of a state environmental enforcement action to the bankruptcy court in *Department of Environmental Resources v. Penn Terra, Ltd. (In re Penn Terra, Ltd.)*, 24 B.R. 427, 433–34 (Bankr.W.D.Pa. 1982), deprived the state court of all jurisdiction, and that its subsequent entry of a

preliminary injunction against the debtor was a nullity. The court held that the state court action was subject to the automatic stay, and that it was removable to the bankruptcy court. In consequence, the bankruptcy court enjoined the Department of Environmental Resources from enforcing the preliminary injunction. The Third Circuit reversed, in *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267 (3d Cir.1984), on the grounds that the state court action was exempt from the automatic stay, and remanded with directions to vacate the bankruptcy court's injunction. The Third Circuit neglected to give any consideration, however, to the procedural problem posed by the removal of the state court action to the bankruptcy court, and the consequent lack of state jurisdiction to enter the preliminary injunction in the first instance. The Third Circuit's opinion in *Penn Terra* was subsequently disapproved by the United States Supreme Court in *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 711 n. 11, 83 L.Ed.2d 649 (1985), insofar as the state had attempted to enforce its regulatory statutes by seeking money from the debtor.

The Court declines to follow the majority view in the foregoing opinions[3], because they give insufficient consideration to the distinction between what is properly removable to a bankruptcy court, on the one hand, and the procedure for making that determination, on the other. The majority view takes the position that a removal petition to the bankruptcy court is wholly ineffective as to a claim or cause of action that

---

**2.** Section 1478(a), enacted as part of the Bankruptcy Code of 1978, provided:

> A party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

The principal difference between section 1478(a) and section 1452(a) is that section 1452(a) provides for the removal of a bankruptcy-related action to the district court rather than the bankruptcy court, where there is no general order of reference of bankruptcy cases in a district to the bankruptcy court. 1 *Collier on Bankruptcy* § 301[5][b] (L. King ed. 1987).

**3.** The majority view may also be supported by the history of the drafting of the bankruptcy removal statute by the Commission on the Bankruptcy Laws of the United States. The Court finds the evidence of proceedings in this Commission to be unpersuasive as to the purpose of the statute, because the need for the outcome adopted by the Court is overwhelming, and must have been within the congressional purpose. Furthermore, the Commission's deliberations show only how it arrived at a draft statute to propose to Congress, and not how Congress intended its ultimate legislation to be interpreted.

is not removable. This position is altogether at odds with the procedure where an action is not removable to a district court: In such a case, the removal is nonetheless effective, and the state court is deprived of all further jurisdiction unless or until the action is remanded. *Morschauser v. American News Co.*, 158 F.Supp. 517, 520 (S.D.N.Y.1958); 1A J. Moore & B. Ringle, *Moore's Federal Practice* § 0.168 [3.–8–4] (1987) (hereafter "Moore").

The procedure for removal to the bankruptcy court should be exactly the same as that for removal to the district court, because the question of whether an action is removable is a question for a federal court to decide. 1A Moore § 0.168[3.–8–4]. This result is required to assure that issues of bankruptcy jurisdiction are determined by the bankruptcy court, and not by a cacophony of state courts at all levels. Since the bankruptcy courts were struck by the lightning of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), federal courts have become experienced in dealing with jurisdictional issues. State courts, on the other hand, know little or nothing about bankruptcy jurisdiction, and lack the tools to educate themselves thereon. The result reached by this Court is required to keep bankruptcy jurisdictional issues in the bankruptcy courts where they belong, and to avoid the consignment of such issues to state courts of all levels, where confusion and inconsistency would surely abound.

Section 1452 provides flexibility to the removing party that is not available for the non-bankruptcy removal to federal district court. Section 1452 permits the removing party to select those claims or causes of action to be removed, and to leave the remainder for litigation in state court. Alternatively, the removing party may choose to remove all claims or causes of action from the state court, thereby depriving the state court of all further jurisdiction until such time as there may be a remand.

The Court holds that the scope of what is removed from state court to the bankruptcy court is determined by the removal petition. If the removal petition extends to the entire state court action, the entire state court action is removed to the bankruptcy court. The removal petition in this case requests the removal "of the state court litigation" to the bankruptcy court. This covers the entire case, including cross-complaints, that was pending in state court. In consequence, the Los Angeles County Superior Court has been completely ousted of jurisdiction with respect to the case that was pending before it, and there is no case as to which it may proceed at this time.

This rule provides additional benefits of simplicity and convenience. To determine the extent of what has been removed from its jurisdiction, a state court need consult only the removal petition, a copy of which is filed with the state court to make the removal effective. It need not await a ruling from the bankruptcy court as to the extent of what has been removed, and it need not rely on representations of counsel as to what they intended to remove. If the removal petition indicates that the entire case has been removed, the state court has no further jurisdiction. If, on the other hand, the removal petition indicates that only specified claims or causes of action have been removed, the state court may proceed with what has not been removed.

■ The sole remedy of a party who contends that a claim or cause of action has been improperly removed to the bankruptcy court, or that the bankruptcy court lacks jurisdiction thereof, is to move to remand the claim or cause of action to the state court. Under Bankruptcy Rule 9027(e), a motion for remand is heard by the bankruptcy judge, who files a report and recommendation to the district court for action pursuant to Rule 9033. The determination of the jurisdiction of the bankruptcy court and the proper scope of removal rest exclusively in the hands of the district court, acting upon the report and recommendation of the bankruptcy court.

This procedure is consistent with the procedure in federal district court for improper removal from state court. The sole remedy of a party who claims that a case has been improperly removed from a state

court to a federal district court is to bring a motion in the federal district court for remand. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 580 (2d ed. 1985). Until such remand is granted, the state court lacks jurisdiction to proceed, even if the removal was improper. 28 U.S.C. § 1446(e) (Supp.1987); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 551–53 (2d ed. 1985).

The rule adopted by this Court is designed to make the removal procedures in bankruptcy court as similar as possible to those in federal district court, as viewed from the vantage point of a state court judge. A state court judge who sees a removal petition to federal district court knows that he has no further jurisdiction: Removal to district court is an all or nothing affair. Similarly, a state court judge who sees a bankruptcy removal petition will know that the entire action is removed, unless the petition is limited to certain claims or causes of action and leaves the remainder in the state court. In any case, the state court judge only needs to look at the removal petition filed in the state court to determine the scope of removal.

The rule adopted by the Court also unifies the procedure on improper removal to bankruptcy court or to district court. In each case the sole remedy is to make a motion in the federal court for remand to the state court. Pending such remand, the state court has no jurisdiction to proceed as to the matters covered by the removal petition.

### D. *Jurisdiction*

Removal of a claim or cause of action to this Court is proper only if this Court has jurisdiction over such a removed claim or cause of action, pursuant to sections 1334 and 157. Such jurisdiction is limited to proceedings arising under the Bankruptcy Code, or arising in or related to a bankruptcy case.

In this respect also the bankruptcy removal statute differs from the non-bankruptcy removal statute. Under section 1441, a district court obtains jurisdiction over claims or causes of action as to which there is no independent federal jurisdiction, and may proceed to adjudicate these claims.

Effect is given to this difference at the time of determination of a motion to remand. In a non-bankruptcy case the district court is given the sound discretion to remand or to retain matters not within its original federal jurisdiction, or to remand some and to retain others. 28 U.S.C. § 1441(c); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 404–05 (2d ed. 1985). In contrast, the bankruptcy court is required to remand all matters as to which it would not have original jurisdiction under section 1334.

The jurisdiction of this Court over causes of action asserted in the state court action and removed to this Court is not now before the Court. The Court in due course will rule on the issue of whether it has jurisdiction as to certain matters removed to it. The issue before the Court at the present time is limited to the procedural status of state court claims as to which this Court may not have ultimate jurisdiction.

### E. *Tolling of the Five-Year Rule*

The requirement of California Civil Code § 583.310 that an action be brought to trial within five years of its commencement is not compromised by the Court's ruling. California Code of Civil Procedure § 583.340 (West Supp.1987) provides for tolling for the time during which the jurisdiction of the court to try the action was suspended. Section 583.340 provides:

> In computing the time within which an action must be brought to trial pursuant to this article, there should be excluded the time during which any of the following conditions existed:
>
> (a) The jurisdiction of the court to try the action was suspended....

From the time of removal to the time of any remand, the state court lacks jurisdiction to try the state court action. Thus this Court's retention of the entire removed action for a period of time will not prejudice the parties' rights under the five-year rule.

Because it is a rule of procedure, the California five-year rule has no application in this Court. This Court's procedures are

governed by the Bankruptcy Rules (and the Federal Rules of Civil Procedure, insofar as they are incorporated therein).

## IV. CONCLUSION

For the foregoing reasons the Court concludes that the entire state court action has been removed to this Court, and that the state court has no further jurisdiction with respect to that action until such time as this court may remand part or all of the state court action.