### In re EYECARE OF SO. CALIFORNIA, A Medical Group, Inc., Debtor.

### Eyecare of So. California, A Medical Group, Inc., Plaintiff,

### v.

### Paul T. Urrea, et al., Defendants.

### Bankruptcy No. LA 00–28045–SB. Adversary No. 00–02134–SB.

United States Bankruptcy Court, C.D. California.

Jan. 25, 2001.

Law Offices of Stephen W, Johnson, Santa Ana.

Doreen Mercado, Esq., Ricker & Mercado, Whittier.

James R. DiFrank, Esq., Whittier.

Robin Prindergast, Esq., Los Angeles.

Christopher L. Blank, Esq., Newport, Beach.

## OPINION ON REMOVAL JURISDICTION

SAMUEL L. BUFFORD, Bankruptcy Judge.

### I. Introduction

■ Defendants move this court to remand this adversary proceeding to state court, on the grounds that the court lacks jurisdiction over an adversary proceeding removed to this court prior to the entry of an order for relief in the underlying involuntary bankruptcy case.[1] The court holds that a bankruptcy court has jurisdiction over an adversary proceeding that is removed from state court at any time after the filing of the underlying bankruptcy case. This rule applies to an involuntary case, whether or not an order for relief has been issued.

### II. FACTS

Debtor Eyecare of Southern California Medical Group, A Medical Group, Inc. (Eyecare) is an association of some 24 physicians who are board-certified as specialists in ophthalmology. Eyecare has a contract with Adventist Health Southern California Medical Foundation to provide ophthalmological services to some 90,000 patients: half are served through The White Memorial Medical Center in Boyle Heights, just east of downtown Los Angeles, and half through Glendale Adventist Medical Center in Glendale. Dr. Paul T. Urrea is a physician in the Eyecare group.

More than two years before the filing of this involuntary bankruptcy case, Eyecare brought a civil action in Los Angeles County Superior Court against Dr. Urrea and his corporation, Paul T. Urrea, M.D., M.P.H., Inc. The complaint alleges that defendants engaged in unfair competition with the debtor and committed related violations of Eyecare's rights. Various cross-complaints were filed in that action, including one against debtor's major shareholder, Dr. R. Phillip Doss.

On June 21, 2000, Dr. Doss filed an involuntary chapter 7 petition against Eyecare. The next day he removed the state action to this court. Dr. Urrea challenges the removability of the state action and the jurisdiction of this court.

### III. DISCUSSION

Defendants argue that removal to this court was premature, because it was accomplished before the entry of an order for relief in the involuntary bankruptcy case. In consequence, defendants argue, this court lacks jurisdiction over the action removed from state court.[2]

■ Three or more creditors[3] who hold undisputed, non-contingent claims totaling more than $10,775 may file an involuntary bankruptcy case against a debtor under chapter 7 or chapter 11 of the Bankruptcy Code. See 11 U.S.C. § 303(b)(1) (West 2000). If, as in this case, the debtor

---

1. Defendants also move for abstention. However, abstention is not available where a case has been removed to federal court, because there is no case still pending in state court that can proceed while the federal court abstains. See 28 U.S.C. § 1334(c)(2) (West 2000); Schulman v. California (In re Lazar), 237 F.3d 967, 982 (9th Cir.2001).

2. Defendants also argue that the action was removed to avoid monetary and evidentiary sanctions and an imminent jury trial in state court. These issues are not addressed in this opinion.

3. If the debtor lacks twelve qualifying creditors, a single creditor meeting the requirements may file the involuntary petition. See 11 U.S.C. § 303(b)(2) (West 2000).

does not contest the entry of an order for relief, it is granted.[4]

The removal to bankruptcy court of state court litigation relating to a bankruptcy case is governed by 28 U.S.C. § 1452(a) (West 2000), which provides:

A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334, the basic jurisdictional statute for bankruptcy cases and related proceedings, grants jurisdiction over bankruptcy cases to the federal district courts. It provides in relevant part:

(a) ... the district courts shall have original and exclusive jurisdiction of all cases under [the Bankruptcy Code].

(b) ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code].

28 U.S.C. § 1334(a)-(b) (West 2000).

The reference of bankruptcy cases and proceedings from district court to bankruptcy court is authorized by 28 U.S.C. § 157(a) (West 2000), which provides:

Each district court may provide that any or all cases under [the Bankruptcy Code] and any or all proceedings arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code] shall be referred to the bankruptcy judges for the district.

By general order the Central District of California has referred to the bankruptcy judges all matters within the scope of section 157(a).

Where such an order is in effect, removal is made directly to the bankruptcy court.[5] *See, e.g., Princess Louise Corp. v. Pacific Lighting Leasing Co. (In re Princess Louise Corp.),* 77 B.R. 766, 772 (Bankr.C.D.Cal.1987); *Marketta Development, Ltd. v. North Am. Funding Corp. (In re North Am. Funding Corp.),* 64 B.R. 795, 796 (Bankr.S.D.Tex.1986).

Removal is accomplished by the filing in the bankruptcy court of a verified application containing a short and plain statement of the facts that entitle the applicant to remove the action from state court. The application must be accompanied by a copy of all process and pleadings filed in the state court. Promptly after filing the application (and a bond if required), the applicant is required to serve a copy of the application on all parties to the removed claim or cause of action. The removal is effective upon the filing of a copy of the removal application (without the accompanying copy of all process and pleadings) in the court from which the action is removed. The parties are then enjoined from proceeding any further in that court unless and until a remand is ordered by the bankruptcy court. *See* Fed. R. Bankr. P. 9027.

The removal of a claim or cause of action to this court is proper only if this court has jurisdiction over such a removed claim or cause of action pursuant to §§ 1334 and 157. Such jurisdiction is limited to proceedings arising under the Bankruptcy Code, or arising in or related to a bankruptcy case. *See Princess Louise,* 77 B.R. at 772. Under Ninth Circuit law, a proceeding is "related to" a bankruptcy case if "the outcome ... could conceivably have any effect on the estate being administered in bankruptcy." *Fietz*

---

**4.** The involuntary petition in this case was filed as a chapter 7 case. The debtor stipulated to the entry of an order for relief and the conversion of the case to a case under chapter 11.

**5.** Bankruptcy Rule 9027(a) provides that a removal petition for a bankruptcy-related case is filed with the clerk. *See* Fed. R. Bankr. P. 9027(a). The "clerk" is the bankruptcy clerk of the district (if one has been appointed). *See* Fed. R. Bankr. P. 9001(3).

*v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir.1988). An action is also related to a bankruptcy case if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and in any way impacts upon the handling and administration of the bankrupt estate. *Id.* The moving parties concede *sub silencio* that this litigation is related to the pending bankruptcy case.

Removal to bankruptcy court is implemented by Federal Rule of Bankruptcy Procedure 9027(a)(2), which states:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

While this rule specifies the last date for filing a notice of removal, it makes no mention of the first day when removal is available.

Absent any other relevant authority, we must return to the basic statutory grant of bankruptcy jurisdiction. Under section 1334(a), federal jurisdiction applies to "all cases" under the Bankruptcy Code. Such jurisdiction arises upon the filing of a bankruptcy case. Similarly, section 1334(b) jurisdiction over "civil proceedings ... related to cases under [the Bankruptcy Code]" arises upon the filing of a bankruptcy case.

An involuntary bankruptcy case is filed under Bankruptcy Code § 303 (West 2000). Thus it is a "case" within the meaning of section 1334(a). In consequence, federal jurisdiction over a civil proceeding, like this adversary proceeding, that is related to the involuntary case commences with the filing of the involuntary petition.

## IV. CONCLUSION

The removal of this adversary proceeding to this court was proper, even though the court had not yet entered an order of relief in this involuntary bankruptcy case. The filing of the case, whether voluntary or involuntary, is a sufficient basis for bankruptcy jurisdiction over the state court action. The action became a related proceeding upon the filing of the bankruptcy petition, so long as it satisfied the requirement that it be "related to" the bankruptcy case.