Filed 12/16/14  Talamentes v. All West Iron CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| IGNACIO TALAMENTES, | B252333 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC362390) |
| v. | |
| ALL WEST IRON, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elihu Berle, Judge.  Reversed.

Law Offices of Lisa L. Maki, Lisa L. Macki and Allison M. Schulman for Plaintiff and Appellant.

Law Offices of Roger O. Vega and Roger O. Vega; Huprich Law Firm and Joseph J. Huprich for Defendant and Respondent.

_____

Appellant Ignacio Talamentes filed this wage and hour action against his former employer, respondent All West Iron, Inc., and other related entities in state court. During the pendency of the litigation, All West Iron filed a petition for bankruptcy and removed the entire action to bankruptcy court. The bankruptcy court later closed the bankruptcy proceedings, but it did not enter an order remanding the action against All West Iron to the superior court, nor did it provide the superior court with notice of the closure of the bankruptcy case. More than five years after the state court action was filed, Talamentes brought a motion in the superior court to return his case to active status. The superior court denied the motion and dismissed the action pursuant to Code of Civil Procedure[1] section 583.310 for failure to bring the case to trial within five years. We conclude that the superior court never reacquired jurisdiction over the action against All West Iron following removal, and accordingly, reverse the order of dismissal as void.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 22, 2006, Talamentes filed this wage and hour action against All West Iron and its owner, Robert Mekikyan, in Los Angeles County Superior Court. The complaint alleged claims based on a failure to pay overtime compensation, to provide meal and rest periods, and to furnish itemized wage statements. Talamentes later amended his complaint to add AWI Builders, Inc., a related company owned by Mekikyan, as a defendant.

On December 14, 2010, during the pendency of Talamentes's state court action, All West Iron filed a petition for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code, and commenced a bankruptcy case in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case"). On January 20, 2011, All West Iron removed Talamentes's action against it and all other defendants to the bankruptcy court, resulting in the commencement of an adversary

---

[1]     Unless otherwise stated, all further statutory references are to the Code of Civil Procedure.

proceeding in that court (the "Adversary Proceeding"). The following day, All West Iron filed a copy of the notice of removal with the clerk of the superior court, and served a copy on Talamentes. Talamentes thereafter filed a request for special notice of the bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure, rule 2002, and requested that notices in the Bankruptcy Case be served on his counsel by mail.

On February 4, 2011, Talamentes filed a motion to remand his action against the two non-bankrupt defendants, Mekikyan and AWI Builders, to state court. On May 11, 2011, the bankruptcy court granted the motion for remand as to Mekikyan and AWI Builders and ordered the action remanded to state court to proceed against those two defendants only.[2] Talamentes's action against All West Iron remained pending in the bankruptcy court as an adversary proceeding.

On June 17, 2011, the bankruptcy court entered an order closing the Adversary Proceeding. That order provided as follows: "The complaint filed in the above case has been disposed of and is no longer pending due to either the dismissal of the main case or the entry of a judgment in the Adversary Proceeding. Since it appears that no further matters are required that this adversary proceeding remain open, it is ordered that the adversary proceeding is closed." On October 31, 2011, the bankruptcy court entered an order closing the Bankruptcy Case. That order stated in full: "Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed."

The bankruptcy court never entered an order remanding Talamentes's action against All West Iron to state court. Additionally, there is no indication in the record that the clerk of the bankruptcy court ever sent a certified copy of the either the June 17, 2011

---

[2] Talamentes's action against Mekikyan and AWI Builders later proceeded to trial in state court on theories of alter ego and joint employer liability, resulting in a judgment in favor of both defendants. In a prior appeal filed by Talamentes, we affirmed the judgment in favor of AWI Builders and Mekikyan on the causes of action alleged against them. (*Talamentes v. All West Iron, Inc.* (Apr. 16, 2014, B244433) [nonpub. opn.].)

3

order or the October 31, 2011 order to the clerk of the superior court, or otherwise provided the superior court with notice of these orders. Although Talamentes had filed a request for special notice of the bankruptcy proceedings, his counsel also was never served with notice of the entry of these orders by either the bankruptcy court or counsel for All West Iron.

On April 5, 2012, Talamentes's counsel checked the status of the Bankruptcy Case through the federal judiciary online Public Access to Court Electronic Records (PACER) system, and discovered at that time that the Bankruptcy Case had been closed five months earlier. On April 16, 2012, Talamentes filed written objections to a proposed statement of decision issued by the superior court in the trial against Mekikyan and AWI Builders. In his objections, Talamentes advised the superior court that the Bankruptcy Case had been closed, and attached a copy of the PACER system docket for the case. The docket included the following final entry: "Bankruptcy Case Closed – NO DISCHARGE (Mendoza, Maria Patricia) (Entered: 10/31/2011)." It did not include any information about the prior closure of the Adversary Proceeding, nor did it make any reference to an order of remand.

On April 26, 2013, Talamentes filed with the superior court a noticed motion for an order returning his case against All West Iron to active status. Talamentes argued in the motion that, because the bankruptcy proceedings had been closed, he was entitled to proceed with his action against All West Iron in state court.

On May 31, 2013, the superior court continued the hearing on Talamentes's motion to consider whether the case should be dismissed under section 583.310 for failure to bring the action to trial within five years. On July 1, 2013, after further hearing on the motion, the court found that Talamentes had not met the requirement of bringing his case against All West Iron to trial within the statutory five-year period. Based on that finding, the superior court denied the motion to return the case to active status, ordered that the action against All West Iron be dismissed pursuant to section 583.310, and entered a final order of dismissal on December 26, 2013. Following the denial of a motion for reconsideration, Talamentes filed this appeal from the order of dismissal.

4

On October 22, 2014, this Court requested that the parties submit supplemental briefs addressing the following issues: (1) Whether the superior court had jurisdiction over the state court action against All West Iron at the time it entered its order of dismissal; and (2) If not, whether this Court should dismiss the appeal for lack of jurisdiction or reverse the judgment as void. In their supplemental briefs, Talamentes contends, and All West Iron concurs, that the superior court automatically reacquired jurisdiction over the action when the bankruptcy court entered its October 31, 2011 order closing the Bankruptcy Case notwithstanding the absence of an order of remand.

**DISCUSSION**

"Subject matter jurisdiction is a fundamental requirement for judicial consideration of claims," and may not be "''''conferred by consent, waiver, agreement, acquiescence, or estoppel.'''''" (*Saffer v. JP Morgan Chase Bank* (2014) 225 Cal.App.4th 1239, 1248 (*Saffer*).) "'The principle of "subject matter jurisdiction" relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Thus, in the absence of subject matter jurisdiction, a trial court has no power 'to hear or determine [the] case.' [Citation.] And any judgment or order rendered by a court lacking subject matter jurisdiction is 'void on its face. . . .' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196 (*Varian*); see also *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 ["[w]hen a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void"].) "''''[T]he adequacy of the court's subject matter jurisdiction must be addressed whenever that issue comes to the court's attention,''''" and "may be considered for the first time on appeal." (*Saffer*, *supra*, at p. 1248.) "[A]s the question of jurisdiction is always fundamental [citation], 'a court has inherent power to inquire into jurisdiction of its own motion, regardless of whether the question is raised by the litigants.'" (*In re Estevez* (2008) 165 Cal.App.4th 1445, 1457-1458, citing *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 302.)

All West Iron removed Talamentes's action from state court to bankruptcy court pursuant to 28 U.S.C. § 1452. Federal Rule of Bankruptcy Procedure, rule 9027, which

5

sets forth the procedure for removals and remands under the statute, provides, in pertinent part, as follows:  "Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. . . . The parties shall proceed no further in that court unless and until the claim or cause of action is remanded."  (Fed. Rules Bankr. Proc., rule 9027(c), 28 U.S.C; see *In re Eyecare of So. Cal.* (Bankr. C.D.Cal. 2001) 258 B.R. 765, 768 [upon the removal of an action from state court, "[t]he parties are then enjoined from proceeding any further in that court unless and until a remand is ordered by the bankruptcy court"]; *In re Princess Louise Corp.* (Bankr. C.D.Cal. 1987) 77 B.R. 766, 771 ["the removing party may choose to remove all claims or causes of action from the state court, thereby depriving the state court of all further jurisdiction until such time as there may be a remand"].)

After an order of remand is entered by the federal district court, "jurisdiction is not returned to the state court until the district court clerk mails a certified copy of the remand order to the clerk of the state court."  (*Spanair S.A. v. McDonnell Douglas Corp.* (2009) 172 Cal.App.4th 348, 356 (*Spanair*); see also *In re Hotel Mt. Lassen, Inc.* (Bankr. E.D.Cal. 1997) 207 B.R. 935, 942, fn. 11 [state court may not proceed with a remanded action until the clerk of the bankruptcy court mails a certified copy of the remand order to the clerk of the state court].)  Accordingly, unless and until a certified copy of the remand order is mailed to the superior court by the clerk of the district court, the superior court lacks jurisdiction to proceed.  (*Spanair*, *supra*, at pp. 358-359 [state court's jurisdiction over removed action was suspended under section 583.340 until the federal court clerk mailed a certified copy of the order remanding the action to the state court].)

In this case, there is no indication in the record that the clerk of the bankruptcy court ever mailed a certified copy of an order remanding Talamentes's action against All West Iron to the superior court, or that the bankruptcy court ever entered an order of remand as to All West Iron at any time.  As a result, the superior court never reacquired jurisdiction over Talamentes's action against All West Iron following the removal of the action to bankruptcy court, and its order dismissing the action under section 583.310 is void on its face.  "'When, as here, there is an appeal from a void

6

judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts.' [Citation.]" (*Varian*, *supra*, 35 Cal.4th at p. 200.)  We therefore reverse the superior court's December 26, 2013 order of dismissal as void.

## DISPOSITION

The superior court's December 26, 2013 order of dismissal is reversed.  Each party shall bear its own costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.

7