Filed 6/25/25  Dare v. U.S. Bank National Association CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID DARE, Plaintiff and Appellant, v. U.S. BANK NATIONAL ASSOCIATION et al., Defendants and Respondents. | D083758 (Super. Ct. No. 37-2022-00017020-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Michael David Dare, in pro. per., for Plaintiff and Appellant.

Barrett Daffin Frappier Treder & Weiss, Edward A. Treder and Alexander J. Lauvray for Defendants and Respondents.

Michael David Dare appeals the dismissal of the underlying state court action for lack of jurisdiction following its removal to bankruptcy court. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

Seeking to avoid a foreclosure sale of his home, Dare sued Respondents U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-12N; Barrett Daffin Frappier Treder & Weiss, LLP "as Trustee/Debt Collector"; Nationstar Mortgage LLC "not in its own Individual capacity but ONLY as Attorney in Fact for Downey Savings and Loan Assoc[iation] and also as Attorney in fact for US Bank NA"; and Aegis Wholesale Corporation in state court. Dare asserted, among others, a claim for violation of a bankruptcy discharge injunction under title 11 United States Code section 524.

Respondents removed the entire action to bankruptcy court under title 28 United States Code section 1452. In response, Dare requested to voluntarily dismiss the bankruptcy proceeding "in its entirety." The bankruptcy court dismissed the proceeding per Dare's request without expressly remanding any portion back to state court.

Over a year later, in response to Respondents' motion, the state court dismissed the state court action after finding "it has no jurisdiction over the claims raised by [Dare] in this action" given the removal to bankruptcy court. In its order, the state court noted Dare "at no time" moved the bankruptcy court "to remand his claims to state court."

## II.

### A.

Dare claims the bankruptcy court lacked jurisdiction over the action, so the state court retained jurisdiction and thus erred in dismissing his case. Respondents argue the state court "lost jurisdiction when the case was removed" and "never regained jurisdiction." (Bolding omitted.) We agree with Respondents.

2

We review this jurisdictional question of law de novo. (*In re Marriage of Sullivan* (2023) 89 Cal.App.5th 585, 595.)

1.

Dare claims "no pathway" exists to remove a state court action to bankruptcy court, yet title 28 United States Code section 1452 provides just that pathway.

Section 1452, subdivision (a) permits a party to remove to federal district court "any claim or cause of action in a civil action" giving rise to bankruptcy jurisdiction. (See 28 U.S.C. § 1334.) Where, as here, "removal is from a state court to the bankruptcy court in the federal district where the state court is located, the removal petition is filed directly with the bankruptcy court." (*In re Bisno* (Bankr. C.D.Cal. 2010) 433 B.R. 753, 756; see General Order 312E of the United States District Court for the Southern District of California, available at <https://www.casd.uscourts.gov/rules/general-orders.aspx#tab3> [as of June 25, 2025], archived at < https://perma.cc/X5JP-ECBP > [referring bankruptcy proceedings to bankruptcy court].) The removing party files with the bankruptcy court a notice of removal containing all required components and serves a copy on all parties. (Fed. Rules Bankr. Proc., rule 9027(a)-(b).)

Removal is effective once a copy of the notice of removal is filed with the court from which the action is removed. (Rule 9027(c).) When that happens, "[t]he parties must proceed no further in the court from which the claim or cause of action was removed, *unless it is remanded*." (*Ibid.*, italics added.) The same rule applies under the general removal statute, which mandates "the State court shall proceed no further" after removal is effective "unless and until the case is remanded." (28 U.S.C. § 1446, subd. (d).)

"[T]he scope of what is removed from state court to the bankruptcy court is determined by the removal petition." (*In re Princess Louise Corp.* (Bankr. C.D.Cal. 1987) 77 B.R. 766, 771.) "If the removal petition indicates that the entire case has been removed, the state court has no further jurisdiction." (*Ibid.*)

Here, Respondents removed the entire case to bankruptcy court, thus depriving the state court of jurisdiction once effective. Removal was effective before Respondents moved to dismiss the state court case for lack of jurisdiction. And nothing in the record indicates the bankruptcy court remanded any portion of the case back to state court. As a result, we discern no error in the state court's dismissal of Dare's action for lack of jurisdiction.

2.

Dare contends none of his claims fell within the bankruptcy court's jurisdiction. But even if that were so, "[t]he sole remedy of a party who contends that a claim or cause of action has been improperly removed to the bankruptcy court, or that the bankruptcy court lacks jurisdiction thereof, is to move to remand the claim or cause of action to the state court." (*Princess Louise Corp.*, 77 B.R. at p. 771.)

Dare never moved to remand. Instead, he chose to voluntarily dismiss the bankruptcy proceeding. Although we understand Dare did so "expecting to continue litigation in state court," following removal—and absent a remand—no litigation remained in state court. (See *Allstate Insurance Co. v. Superior Court* (1982) 132 Cal.App.3d 670, 676.) Thus, the two cases Dare offers on the details of bankruptcy under Chapters 7 and 13, which we could not locate with the citations he provided, make no difference here.

4

B.

Dare also accuses Respondents' counsel of venue shopping and, by removing the action to bankruptcy court, "depriving him of his due process rights." Dare asks us to impose "[s]anctions and other penalties" for these purportedly "ethically questionable actions." We decline to do so.

As far as we can tell from the appellate record, Dare never raised this issue with the trial court. "As a general rule, issues not raised in the trial court cannot be raised for the first time on appeal." (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [cleaned up].) Exceptions have been made for pure questions of law presented on undisputed facts, particularly those implicating important public policy issues. (*Ibid.*) As Dare's claim does not fall within that possible exception, we decline to consider it.

III.

We affirm. The parties shall bear their own costs on appeal.

CASTILLO, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.

5