**STEWART TITLE COMPANY and E. Russell Nunnally, Relators,**

v.

**Hon. John STREET, Judge, 352nd District Court, Respondent.**

**No. 2–87–008–CV.**

Court of Appeals of Texas, Fort Worth.

June 4, 1987.

Rehearing Denied July 2, 1987.

Johnson & Swanson and E. Russell Nunnally, Sherri Turner Alexander, Alan B. Rich and Sally C. Helppie, Dallas, for relators.

Tim Curry, Crim. Dist. Atty., and Ann Diamond Luttrell, Fort Worth, for respondent.

Before HILL, LATTIMORE and FARRIS, JJ.

## OPINION

LATTIMORE, Justice.

Relators, Stewart Title Company and E. Russell Nunnally, seek the issuance of a writ of mandamus to compel the Honorable John Street, 352nd Judicial District Court Judge of Tarrant County, to vacate two orders entered subsequent to removal of the case to the United States Bankruptcy Court for the Northern District of Texas.

The writ of mandamus is conditionally granted in part and denied in part.

## FACTS

The procedural history is as follows:

In April 1984, the underlying case of *PMI Mortgage Insurance Company v. Fort Worth Mortgage Corporation, et al.* was instituted. Relator, Stewart Title Company, was a named defendant therein. Relator-Nunnally is lead counsel for relator-Stewart. The case is complex and involves various claims, cross-claims, counter-claims and third party claims based on fraud, agency, negligence, breach of contract, breach of fiduciary duty, and statutory violations stemming from the sale of condominiums. The plaintiff, PMI, claims that it was defrauded in issuing mortgage insurance for the purchase of some of the condominiums.

In June of 1985, relators sought leave to file a third party petition under TEX.R. CIV.P. 38. Leave was denied by respondent on August 6, 1985.

In October 1985, Defendants, First Southern Financial Corporation and Southern Savings & Loan Association filed a cross-claim against certain co-plaintiffs, including relator-Stewart. Relator-Stewart filed an answer to this cross-claim which incorporated the third party petition respondent denied leave to file in August. Thereupon, relator-Stewart removed the case to federal court where it remained until remanded in July 1986. Relator-Stewart then filed a motion for rehearing to the Fifth Circuit Court of Appeals which was overruled. The case was transferred back to the 352nd District Court in November 1986.

On November 21, 1986, PMI filed a motion to strike the third party petition of relator and motion for contempt or sanctions. On December 12, 1986, relator filed a petition and bond for removal to the United States Bankruptcy Court. The hearing on PMI's motion was held on December 19, 1986, and the complained of orders were signed by respondent on December 31, 1986.

We granted leave to file petition for writ of mandamus and prohibition on January 20, 1987, and stayed all orders of the trial court.

Relators allege respondent lacked the jurisdictional power to act once the case was removed, and therefore, the orders of December 31st are void. The first order (punishment order) found that relator-Stewart deliberately violated the August 6, 1985 order of the court and, for punishment, struck all of relator-Stewart's pleadings in the case below and granted all parties seeking affirmative action against relator-Stewart default judgments with regard to liability. The second order (show cause order) ordered relator-Nunnally to show cause, if any, why he should not be held in contempt for disobeying an order of the court in

filing the third party petition, and for filing an allegedly improper removal petition.

## REMOVAL ISSUE

Title 28, U.S.C. sec. 1452(a) allows removal of any civil claim or cause of action to the bankruptcy court if (1) a party requests removal and (2) the bankruptcy court has jurisdiction under 28 U.S.C. sec. 1334. 28 U.S.C.A. sec. 1452(a) (West Supp.1987). A "party" who may remove refers to the litigants in the underlying action not the debtor in bankruptcy as respondent contends. *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir.1985); *In re Johnnie T. Patton, Inc.*, 12 B.R. 470 (D.Nev.1981). Section 1334(b) grants non-exclusive jurisdiction over civil proceedings arising in or related to a bankruptcy case. Under this section, the bankruptcy court may voluntarily abstain. This section grants broad jurisdiction to hear all litigation having any significant connection with the pending bankruptcy. *Ram Const. Co. v. Port Auth. of Allegheny Co.*, 49 B.R. 363 (W.D.Pa.1985).

We will not address the issue of whether the removal to bankruptcy court was proper. The bankruptcy court will decide the propriety of the removal in its ruling upon PMI's motion to remand. It is not within the purview of this court to police the jurisdiction of a federal court. *See McCauley v. Consolidated Underwriters*, 301 S.W.2d 181 (Tex.Civ.App.—Beaumont 1957); *State v. National Association for Advance. of C.P.*, 90 So.2d 884 (La.App.1956).

Therefore, as far as this court is concerned, the bankruptcy court acquired jurisdiction over the merits of the underlying case upon the filing of the relators' petition for removal and bond.

■ However, the removal provision applicable to removal of state court actions to bankruptcy court, 28 U.S.C. sec. 1452, does not require removal of an entire action to bankruptcy court in *every* situation. *Ford Motor Co. v. Transport Indem. Co.*, 508 F.Supp. 1092 (E.D.Mich.1981). A party cannot remove from a state trial court a proceeding to determine if such party is in contempt of that court. *See In re*

*Williams*, 3 B.R. 401, 403 (N.D.Ga.1980); Annot., 38 A.L.R.FED. 824 (1978). We hold that the removal of the underlying case did not remove the contempt proceedings. To hold otherwise would invite removal by every party facing a contempt charge.

We disagree with *Garber v. United Mine Workers of America*, 524 P.2d 578 (Wy. 1974), cited by the relator, in its holding that the caption of the case carried the pending contempt matter with it on removal to the federal court. It is not usual in Texas for contempt proceedings to be styled and numbered separately from the case out of which the offending event arose, although it might be preferable to do so. Form should not control substance. The contempt proceeding against relator-Nunnally was not removed to the federal court. It pends in the 352nd District Court.

## MANDAMUS

■ At the outset we address the issue as to whether this court has the jurisdiction to entertain a petition for writ of mandamus subsequent to removal to the federal system. TEX.GOV'T CODE ANN. sec. 22.-221(b) (Vernon 1987) vests in this court the power to issue all writs of mandamus against a state judge. *Merritt v. Harless*, 685 S.W.2d 708 (Tex.App.—Dallas 1984, no writ). This power is not divested by removal for the reason that a writ of mandamus petition is an original proceeding independent of the jurisdiction over the underlying case. A state court of appeals retains its mandamus jurisdiction regardless of the status of the case out of which the complained of act or omission occurred.

"A writ of mandamus will not lie to correct a merely erroneous or voidable order of the trial court, but will lie to correct one which the trial judge had no power to render." *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex.1986), citing *State v. Ferguson*, 133 Tex. 60, 63, 125 S.W.2d 272, 274 (1939).

■ In paragraph one of the punishment order, respondent attempts to hold the re-

moval petition void. "The Pleadings in this cause show and the Court finds that the debtor, James Michael Stephens, is not a Defendant in this cause, that the *alleged removal petition is void and has no force and effect insofar as the power of this Court to proceed with this hearing and the trial of this case.*" (Emphasis added.) As we stated previously, the question of whether the removal was proper must be decided by the bankruptcy court. Respondent sought to strike pleadings, which at the time were removed to the bankruptcy court's jurisdiction, therefore respondent was without the jurisdictional power to act upon them. We find the punishment order of December 31, 1986 striking the pleadings of relator-Stewart exceeded the jurisdiction of the trial court, and therefore, it is void.

We next consider the show cause order directing relator-Nunnally to show cause why he should not be punished for contempt for disobeying the court's order, in filing the third party petition, and for filing the petition for removal. The jurisdiction of the trial court to sign such order was not ousted by the removal proceeding. The sufficiency of the show cause order to support a determination of contempt and punishment is not addressed here.

We conclude that respondent was without authority to issue the punishment order striking pleadings which had been removed to the bankruptcy court. We are certain respondent will comply with this opinion and vacate such punishment order. In the event he fails to do so, a writ of mandamus will issue. We deny the application for writ of mandamus with regard to the show cause order for contempt.