COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK, N.A., | § | No. 08-13-00065-CV |
| Appellant, | | |
| | § | Appeal from the |
| v. | | |
| | § | 34th District Court |
| DEL MAR PROPERTIES, L.P., | | |
| Appellee. | § | of El Paso County, Texas |
| | | |
| | § | (TC# 2009-2058) |

## **O P I N I O N**

Appellant J.P. Morgan Chase Bank, N.A., the beneficiary of a deed of trust for property located at 3820 Hueco Avenue, El Paso, Texas, 79903 ("the Property"), appeals a partial summary judgment and bench verdict on damages in favor of Appellee Del Mar Properties, L.P. -- purchaser of the Property at a foreclosure sale. The trial court's summary judgment order held that the foreclosure sale was ineffective by virtue of a defect in the substitute trustee's deed conveying the Property to Del Mar. In two issues, Appellant contends that the trial court lacked jurisdiction to enter the damages order because the entire case had been previously removed to bankruptcy court by one of Appellant's co-defendants. Alternatively, Appellant maintains the trial court erred in rendering summary judgment on the issue of title. We vacate the trial court's damages judgment.

## **BACKGROUND**

Del Mar purchased the Property at a public foreclosure sale in 2005 after Appellant, the beneficiary of a $40,000 deed of trust on the property, instituted judicial foreclosure proceedings. Almost four years after the sale, Del Mar filed suit against Appellant, GMAC Mortgage Corporation, and trustee Beverly Mitrisin, alleging that the deed transferring the Property was defective and misidentified the property sold. In April 2011, the trial court granted partial summary judgment in favor of Del Mar, finding that the defendants (1) failed to give proper notice of the foreclosure sale, (2) Del Mar purchased the property in good faith, (3) the foreclosure sale was a nullity, and (4) a corrected substitute deed issued by the defendants did not pass title to Del Mar.

In May 2012, defendant GMAC filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, which counsel for Appellant brought to the trial court's attention in a motion for continuance on November 12, 2012. GMAC also filed a suggestion of bankruptcy the same day, informing the trial court that proceedings against it were stayed pursuant to an order of the bankruptcy court. A bench trial on the issue of damages had been set for November 19, 2012.

On November 16, 2012 at 1:42 p.m., GMAC filed a notice of removal under 28 U.S.C.A. § 1452 (West 2006) with the United States Bankruptcy Court for the Southern District of New York.[1] The notice of removal purported to remove the entire state court action to bankruptcy court. That same day, at 1:00 p.m. Mountain time, GMAC filed its notice of removal with the state trial court. Later that day, at 3:16 p.m. local time, the state trial court issued an order non-suiting GMAC from this civil action. The time at which Del Mar moved to non-suit GMAC is

---

[1] It is unclear from the time stamp whether the notice of removal was filed at 1:42 p.m. Eastern time or Mountain time. We assume the document was filed at 1:42 p.m. Eastern time, or 11:42 a.m. Mountain time, given that a copy of the federal notice of removal was attached to the state notice of removal, which was filed at 1:00 p.m. Mountain time.

2

unclear. The order itself states that Del Mar moved to non-suit GMAC the previous day at 1:40 p.m. However, in a stipulation sent to this Court, both parties concede that Del Mar actually moved to non-suit GMAC at 1:40 p.m. on November 16, 2012.

On November 19, 2012, the trial court rendered a post-answer default judgment against Appellant after it failed to appear for the bench trial on damages. Appellant appealed. The United States Bankruptcy Court for the Western District of Texas eventually subsequently issued an order remanding the cause to state court.

## DISCUSSION

The fundamental question before this Court is whether GMAC's removal of this civil action to bankruptcy court under 28 U.S.C.A. § 1452 without the explicit consent of the other parties divested the state trial court of jurisdiction as to all claims and parties pending remand. We hold that it did, and that the trial court's damages verdict as to Appellant was void.

### *Standard of Review*

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). We review questions of jurisdiction *de novo*. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Likewise, we review the existence of undisputed facts underpinning jurisdiction *de novo*. *Id.* Because the question of jurisdiction is fundamental, we may address it at any time, even *sua sponte*. *Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 277 (Tex.App.--El Paso 2005, no pet.). Our jurisdiction extends only so far as the trial court's jurisdiction. *Id.* at 278. "If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause." *Id.*

### *Effect of Non-Suit Stipulation on Jurisdiction*

At the outset, we pause briefly to address the question of whether we may base our jurisdictional analysis on a mutual stipulation that contravenes purportedly erroneous language contained in a trial order that could have been corrected *nunc pro tunc*. Del Mar, in its brief, originally stated that it orally moved to non-suit GMAC on November 15, 2012 at 1:40 p.m., one day before GMAC purportedly removed the case to bankruptcy court. As such, Del Mar's initial position was that GMAC had been severed from the case before it effected removal, thereby leaving the rest of the parties behind in state court. However, after filing its brief, Del Mar filed a letter with this Court stating that the date indicated on the non-suit judgment was wrong; instead, Del Mar had orally non-suited GMAC on November 16, 2012 at 1:40 p.m., forty minutes *after* GMAC filed its notice of removal with the state trial court at 1:00 p.m. Both Del Mar and J.P. Morgan stipulated to this fact, noted that the November 15 date was a typographical error, and asked us to correct the trial order. In an order dated September 25, 2013, we accepted the parties' stipulation, but also noted that actual correction of the order could only be accomplished *nunc pro tunc*. Neither party filed for a judgment *nunc pro tunc* in the trial court prior to submission.

Although both parties maintain the November 15 date on the order was erroneous, we note that this "scrivener's error" is far from minor – it directly affects the scope of our jurisdictional analysis given this case's unique procedural posture. Because a non-suit is effective at the time it is made and not at the time an order is actually rendered, *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010), the purportedly erroneous November 15 date on the order would conclusively establish that GMAC had been severed from the case prior to removal and that the trial court retained jurisdiction to proceed to judgment on the merits against Appellant. *See Hills v. Hernandez*, No. Civ.A. 98-1108, 1998 WL 241518, at *1

4

(E.D.La. May 12, 1998). The stipulation changes this timeline significantly.

Authority from our sister circuit in Texarkana seems to indicate that even where both parties agree that a date different from one on a judgment represents the truth, "we are constrained by the rules to determine our jurisdiction by reference to the date on which the judgment was signed—a party cannot confer or waive jurisdiction by consent or agreement." *Claxon v. (Upper) Lake Fork Water Control and Improvement Dist. No. 1*, 220 S.W.3d 537, 541 (Tex.App.--Texarkana 2006, pet. denied). However, because jurisdiction is fundamental, we also possess the power and the duty not only to review pleadings, but also "evidence when necessary to resolve the jurisdictional issues raised." *City of El Paso v. Granados*, 334 S.W.3d 407, 410 (Tex.App.--El Paso 2011, no pet.). Here, the parties are not attempting to confer jurisdiction on the court by stipulation where none would independently exist, but are instead stipulating to the existence of a fact germane to our assessment of jurisdiction. Best practices would dictate that a typographical error such as this one be corrected by filing for a judgment *nunc pro tunc* in the trial court. Nevertheless, we accept the stipulation as jurisdictional evidence and take it to be true. The validity of both the trial court's verdict and Del Mar's non-suit of GMAC hinges on whether the civil action in its entirety was previously removed from state court. As we explain below, removal was properly effectuated and any actions prior to remand were *coram non judice*.

### Removal to Bankruptcy Court

The United States bankruptcy courts have broad, concurrent jurisdiction with state courts over claims that are "related to" pending Chapter 11 bankruptcy cases. *Gehan Prop. II, Ltd. v. Integrated Performance Sys., Inc. (In re Performance Interconnect Corp.)*, Ch. 7 Case No. 06-34482-BJH-7, Adv. No. 07-3100, 2007 WL 2088281, at *4 (Bankr. N.D.Tex. July 19, 2007); *see*

*also* 28 U.S.C.A. § 1334(b)(West 2006). "'Related to' jurisdiction exists if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Performance Interconnect Corp.*, 2007 WL 2088281, at *4 [Internal citation omitted]. A party to a lawsuit in state court "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending" if the district court has jurisdiction under 28 U.S.C.A. § 1334, which includes "related to bankruptcy" jurisdiction. 28 U.S.C.A. § 1452(a). The party seeking Section 1452 removal does not have to be the debtor seeking relief in bankruptcy court. *Cal. Pub. Emp. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2nd Cir. 2004). FED.R.BANKR.P. 9027 governs the procedure for cases removed under Section 1452.

"Once a timely request is made in the Bankruptcy Court and a copy of the application for removal is filed in the District Court, removal is automatic." *Safeco Ins. Co. of Am. v. Mahaney (In re Watson-Mahaney, Inc.)*, 70 B.R. 578, 580 (Bankr. N.D.Ill. 1987); *see also Stewart Title Co. v. Street,* 731 S.W.2d 737, 739 (Tex.App.--Fort Worth 1987, no writ)(filing of petition for removal and bond sufficient to prove removal from state court). "[R]emoval becomes effective immediately and the State court has no power to proceed in the case unless and until the case is remanded." *Henke Grain Co. v. Keenan*, 658 S.W.2d 343, 346 (Tex.App.--Corpus Christi 1983, no writ); *see also E.D. Systems Corp. v. Southwestern Bell Telephone Co.*, 674 F.2d 453, 457 (5th Cir. 1982); 28 U.S.C.A. § 1446(d)(West Supp. 2014). "[J]urisdiction revests in the state court when the federal district court executes the remand order and mails a certified copy to the state court." *Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999). Any orders the state court issues prior to remand are void. *Meyerland Co. v. F.D.I.C.*, 848 S.W.2d 82, 83 (Tex. 1993); *but see Stewart Title Co.*, 731 S.W.2d at 739 (trial court possessed

power to continue contempt proceedings where underlying case had been removed to bankruptcy court).

Following removal, the federal court has exclusive jurisdiction over the action. *Henke Grain Co.*, 658 S.W.2d at 346. The federal court must then assess whether it continues to possess some independent basis for jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997)(noting that party invoking federal jurisdiction bears burden of establishing diversity or federal question jurisdiction over state law claims). Where the court does not have subject matter jurisdiction, or where there are equitable grounds under Section 1452, remand is the proper remedy. *See id.* (remanding for lack of subject matter jurisdiction); 28 U.S.C.A. § 1452(b)(remand allowed on equitable grounds in bankruptcy court even where subject matter jurisdiction exists). Our review of the removal process vis-à-vis state trial court jurisdiction in cases such as this is procedural, not substantive. *See Stewart Title Co.*, 731 S.W.2d at 739. The propriety of removal is a question entirely reserved to the federal courts. *Id.* We look only to the mechanics of the process to see if removal was properly effectuated from a procedural standpoint. *Id.* Where record evidence shows that a party properly followed removal procedures, we conclude state court jurisdiction has lapsed as a matter of law pending remand, even where no actual basis for continued federal jurisdiction ultimately exists in fact and the federal court remands. *Id.*

Del Mar argues that the scope of GMAC's Section 1452 removal was limited, and that removal was procedurally defective at its inception as against Appellant because Appellant never consented to the removal or otherwise indicated that it joined in removal. Consequently, Appellant remained in state court following GMAC's removal, and the default judgment rendered against Appellant in state court was valid. To our knowledge, the Fifth Circuit has not

7

explicitly spoken on the issue of whether failure to join co-defendants in a Section 1452 removal is procedurally defective and fatal. Del Mar contends that the rule of unanimity applies to Section 1452, meaning that all defendants must consent before their removal from state court is procedurally effective under Fifth Circuit case law. *See Orion Ref. Corp. v. Fluor Enter., Inc.*, 319 B.R. 480, 485-86 (E.D.La. 2004); *accord Whitney Nat'l Bank v. Bunch*, No. Civ.A. 00-2859, 2001 WL 87443, at \*2 n.9 (E.D.La. Jan. 30, 2001)(dicta). Countervailing Fifth Circuit case law cited by Appellant indicates that any party may remove any civil action to bankruptcy court without the consent of the other parties under Section 1452. *See Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, No. H-01-3642, H-03-2345, 2004 WL 1237497, at \* 5 (S.D.Tex. May 20, 2004)(mem. op. & order); *In re Performance Interconnect Corp.*, 2007 WL 2088281, at \*5 n.5; *Sommers v. Abshire*, 186 B.R. 407, 409 (E.D.Tex. 1995); *see also In re Eagle Bend Development*, 61 B.R. 451, 457 (Bankr. W.D.La. 1986). Our own research indicates that the majority of courts interpreting Section 1452 outside the Fifth Circuit, including the Southern District of New York, hold that unanimity is not required in order to remove the entire action. *See, e.g.*, *Cal. Pub. Emp. Ret. Sys.*, 368 F.3d at 103; *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985); *Franck v. Sullivan (In re WorldCom, Inc. Sec. Litigation)*, Nos. 02 Civ.3288(DLC), 03 Civ.6220(DLC), 03 Civ.6221(DLC), 03 Civ.6223(DLC), 03 Civ.6224(DLC), 2003 WL 22383090, at \*2 (S.D.N.Y. Oct. 20, 2003).; *see also In re Mortgages, Ltd.*, 427 B.R. 780, 789 (D.Ariz. 2010)(noting that broad removal powers consistent with Congressional intent to grant bankruptcy courts comprehensive jurisdiction over claims). Given the weight of this case law, we believe that non-consensual joinder of parties in a Section 1452 removal is permissible under the Bankruptcy Code.

"[T]he scope of what is removed from state court to the bankruptcy court is determined by the removal petition." *Princess Louise Corp. v. Pac. Lighting Leasing Co. (In re Princess Louise Corp.)*, 77 B.R. 766, 771 (Bankr. C.D.Cal. 1987). This includes both parties and claims. *Id.* Determining removal with reference to the removal petition itself provides both the state and federal courts with certainty as to which claims have been removed, preserves federal supremacy over bankruptcy matters, and promotes judicial economy by allowing state courts to avoid descending beyond their expertise into the brambles of bankruptcy jurisdiction. *Id.* at 771.[2] Where a properly noticed Section 1452 removal petition purports to remove an entire civil action rather than specific claims, the state courts are divested of jurisdiction until the federal court rules on the ultimate propriety of federal jurisdiction and remands. *Id.*

Here, GMAC's notice of removal purported to remove the entire civil action to bankruptcy court, which is permissible under Section 1452 and operative even without the consent of other parties. As such, for purposes of assessing jurisdiction, the state court was divested of jurisdiction the moment the notice of removal was filed in the United States Bankruptcy Court. The state court did not regain jurisdiction until the cause was remanded on March 5, 2013. Because the trial court's November 19, 2012, judgment was rendered after removal and prior to remand, the trial court lacked jurisdiction, and the judgment is void. Issue One is sustained.

### Remaining Summary Judgment Claim

In Issue Two, Appellant urges us to reverse the trial court's adverse grant of summary

---

[2] We recognize that this approach to removal creates an incentive for a defendant whose co-defendant is bankrupt to file a frivolous Section 1452 removal on the eve of trial in hopes of defeating the state court's jurisdiction. Nevertheless, the law on this issue is clear, and the state courts are not without redress in policing truly abusive behavior. Even where an entire civil action has been removed to bankruptcy court, the state trial court still possesses the power to hold contempt proceedings related to that litigation. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997); *Stewart Title Co.*, 731 S.W.2d at 739.

judgment on the issue of title. Because we determine that the trial court's order on damages was void, there is no final judgment before us that disposes of all claims, parties, and issues. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). As such, the partial summary judgment order is interlocutory, and we may only review its merits when so authorized by statute. Having found that we lack any statutory basis for interlocutory review of the partial summary judgment order, we dismiss this issue for want of jurisdiction.

## CONCLUSION

Having sustained Issue One, the judgment of the trial court is vacated and the case is remanded to the trial court for further proceedings in accordance with this Court's opinion.


August 26, 2014
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

10