**Order entered July 9, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01019-CV

**FEYSAL AYATI-GHAFFARI AND IRANA HAGNAZARI, Appellants**

**V.**

**HAZAWIPERI JACKIE GUMBODETE AND JOSE ANAYA, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04867-2012**

## ORDER

Before Justices Bridges, Lang, and Schenck

This appeal was submitted in this Court on June 17, 2015. Prior to submission, appellants Feysal Ayati-Ghaffari and Irana Hagnazari filed in this Court a May 14, 2015 "Notice to the Fifth Judicial District Court of Dallas, Texas of Removal to Federal Court." Appellants stated in part in that notice that they have "filed removal papers" in the United States District Court for the Eastern District of Texas "regarding" this case. Further, appellants stated they "respectfully request[] that the Fifth Judicial District Court of Dallas proceed no further in this action unless and until such time as the action may be remanded by order of the [federal court]."

Attached to appellants' May 14, 2015 notice filed in this Court is a copy of a "Notice of Removal of Entire Civil Action No. 429-04867-2012 & 429-04867-2012A" bearing a federal court caption and partially handwritten case number. However, that "Notice of Removal of

Entire Civil Action No. 429-04867-2012 & 429-04867-2012A" is not file-stamped by a federal court.

Appellants were directed by a June 25, 2015 order of this Court to file in this Court no later than July 2, 2015 a copy of their "Notice of Removal of Entire Civil Action No. 429-04867-2012 & 429-04867-2012A" file-stamped by the United States District Court for the Eastern District of Texas. Appellants did not do so.

Pursuant to title 28, section 1446 of the United States Code, a defendant desiring to remove a civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending "a notice of removal . . . containing a short and plain statement of the grounds for removal." *See* 28 U.S.C.A. § 1446(a) (West, Westlaw through July 9, 2015). Further, subsection (d) of section 1446 provides,

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

*Id*. § 1446(d). The propriety of removal is a question entirely reserved to the federal courts. *See, e.g., J.P. Morgan Chase Bank, N.A. v. Del Mar Props., L.P.*, 443 S.W.3d 455, 461 (Tex. App.—El Paso 2014, no pet.). We look only to the mechanics of the process to see if removal was properly effectuated from a procedural standpoint. *Id*. "Where record evidence shows that a party properly followed removal procedures, we conclude state court jurisdiction has lapsed as a matter of law pending remand." *Id*.

To date, appellants have not filed any documentation in this Court showing that their "Notice of Removal of Entire Civil Action No. 429-04867-2012 & 429-04867-2012A" has been filed in federal court. *See* 28 U.S.C.A. § 1446(a); *Crear v. U.S. Bank Nat'l Ass'n*, No. 05-13-01683-CV, 2015 WL 1137886, at *1–2 (Tex. App.—Dallas 2015, no pet.) (no removal shown

where appellant's notice to state court did not have "filed copy of the removal notice itself" attached).

We **ORDER** that until such time that a copy of appellants' "Notice of Removal of Entire Civil Action No. 429-04867-2012 & 429-04867-2012A" bearing a file-stamp from the United States District Court for the Eastern District of Texas is filed in this Court, or this Court is otherwise shown appellants properly followed removal procedures by filing their "Notice of Removal of Entire Civil Action No. 429-04867-2012 & 429-04867-2012A" in federal court, this appeal will proceed in this Court.

/s/    DOUGLAS S. LANG
         JUSTICE