**REVERSE, RENDER, and REMAND; and Opinion Filed August 7, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01049-CV

### DALLAS COUNTY HOSPITAL DISTRICT D/B/A
### PARKLAND HEALTH AND HOSPITAL SYSTEM, Appellant
### V.
### CHARLIE WILSON, INDIVIDUALLY AND
### AS REPRESENTATIVE OF THE ESTATE OF DEBRA WILSON, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-09089**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

In this interlocutory appeal, Dallas County Hospital District d/b/a Parkland Health and

Hospital System (the Hospital) appeals the 101st Judicial District Court's (state district court) order

denying its motion to dismiss the lawsuit brought pursuant to Chapter 74 of the Texas Civil

Practice and Remedies Code by Charlie Wilson, individually and as representative of the Estate of

Debra Wilson (Wilson).  In its sole issue on appeal, the Hospital argues the state district court erred

when it denied the Hospital's motion to dismiss because the 120-day deadline for Wilson to serve

an expert report had expired.  We conclude the state district court erred.  The state district court's

order denying the Hospital's motion to dismiss is reversed, an order dismissing Wilson's claims

with prejudice is rendered, and the case is remanded to the state district court to award the Hospital relief under section 74.351(b) of the Texas Civil practice and Remedies Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2007, Debra Wilson had surgery, specifically a left heart catheterization procedure. During the procedure, a piece of the plastic catheter broke and remained in Debra Wilson's body. Debra Wilson contended that she was never informed that a fragment of the catheter remained inside of her. On August 18, 2014, Debra Wilson went to the emergency room due to abdominal pain and a CT scan revealed a foreign body in her thoracic and abdominal aorta. As a result, Debra Wilson had additional surgery and treatment for the injuries she sustained from the catheter fragment.

On August 11, 2015, Debra Wilson filed her original petition in state district court against the Hospital and "John Doe, M.D.," for injuries sustained during a heart catheterization procedure. She alleged claims against the Hospital for negligence, lack of informed consent, fraudulent nondisclosure, negligent condition or use of tangible personal property, and vicarious liability for the actions of its medical staff. Also, she alleged claims against "Dr. John Doe" for breach of the duty of care, lack of informed consent, and fraudulent nondisclosure. On September 11, 2015, the Hospital filed its plea to the jurisdiction, motion for summary judgment on the basis that Debra Wilson's claims were barred by the statute of limitations, and original answer generally denying the allegations and asserting sovereign or governmental immunity. This triggered the 120-day deadline for Debra Wilson to file her expert report by January 11, 2016.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

---

[1] We note that January 9, 2016 was 120 days after September 11, 2015. However, January 9, 2016, was a Saturday so the actual deadline was the following Monday, which was January 11, 2016. *See* TEX. R. CIV. P. 4.

However, on November 13, 2015, before the expiration of the 120-day deadline, Debra Wilson filed her first amended petition adding claims alleging, inter alia, violations of 42 U.S.C. §§ 1983, 1985, and 1986, and in the an alternative, an unconstitutional taking under the Fifth Amendment of the Constitution of the United States of America. As a result, on December 11, 2015, ninety-one days after the Hospital filed its original answer, the Hospital filed a notice of removal to federal district court. However, on September 21, 2016, the United States District Court for the Northern District of Texas (federal district court) granted the Hospital's motion to dismiss Debra Wilson's federal claims and remanded the state law claims to the state district court. *Wilson v. Dallas Cty. Hosp. Dist.*, No. 3:15-CV-3942-BF, 2016 WL 5122110 (N.D. Tex. Sept. 21, 2016) (mem. op.).

On September 27, 2016, the state district court received the order of remand from the federal district court. At some point during the proceedings, Debra Wilson died and Wilson, her surviving spouse, succeeded Debra Wilson as plaintiff in this case. On January 23, 2017, the federal district court issued an order that denied Wilson's motion for new trial, declined to grant his motion to amend his complaint due to lack of jurisdiction, and denied as moot the unopposed notice of suggestion of death and for leave to substitute Wilson as the plaintiff. *Wilson v. Dallas Cty. Hosp. Dist.*, No. 3:15-CV-3942-BF, 2017 WL 5642583 (N.D. Tex. Jan. 23, 2017) (order). On February 8, 2017, Wilson filed an amended unopposed motion to stay the state district court proceedings during the pendency of his federal appeal. On March 23, 2017, 167 days after it received the order of remand from the federal district court, the state district court signed an order staying the state court proceedings. Then, on May 10, 2017, the state district court signed an agreed order to reinstate the state proceedings.[2]

---

[2] The reinstatement order states that it was signed on May 10, 2017. However, we note the parties contend the order was signed a year later on May 10, 2018. The state district court's docket sheet also shows that the order was signed in 2018. We are bound by the record on appeal and ordinarily, a trial court's docket sheet entry forms no part of the record which may be considered; it is a memorandum made for the trial court and

On October 24, 2017, the United States Court of Appeals for the Fifth Circuit issued an opinion affirming the order that dismissed Debra Wilson's federal claims and affirming as modified the federal district court's order that denied her motion for new trial. *Wilson v. Dallas Cty. Hosp. Dist.*, 715 F. App'x 319 (5th Cir. 2017) (per curiam). Also in the federal suit, Wilson filed a petition for certiorari, which was denied by the U.S. Supreme Court on April 23, 2018. *Wilson v. Dallas Cty. Hosp. Dist.*, 138 S. Ct. 1597 (2018).

On June 5, 2018, Wilson served his Chapter 74 expert report on the Hospital and on June 7, 2018, he served a second expert report. On June 21, 2018, the Hospital filed a motion to dismiss based on section 74.351(b) alleging that Wilson failed to serve an expert report within 120 days of the Hospital's filing its original answer and challenging the adequacy of the expert reports. On August 7, 2018, Wilson responded to the motion arguing that the removal to federal district court stayed the state district court proceedings and tolled the 120-day deadline for serving his expert report. After a hearing, the state district court denied the Hospital's motion to dismiss on August 21, 2018. This interlocutory appeal followed. *See* CIV. PRAC. & REM. § 51.014(a)(9).

## II. MOTION TO DISMISS

In its sole issue on appeal, the Hospital argues the trial court erred when it denied the Hospital's motion to dismiss because the 120-day deadline for Wilson to tender an expert report had expired. It contends that, even if the 120-day deadline was tolled while the case was removed to federal district court, it resumed the day the state district court received the order of remand. As a result, the Hospital maintains that the deadline expired on October 26, 2016. Wilson responds that the section 74.351 "deadline to file an expert report was eliminated" because the case was removed to federal district court. Wilson maintains that the 120-day deadline was tolled while the

clerk's convenience. *See, e.g., In re Latimer*, No. 05-14-01099-CV, 2014 WL 4288886, at *1 (Tex. App.—Dallas Aug. 29, 2014, orig. proceeding) (mem. op.); *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ). Nevertheless, even if the order had been signed in 2018, it would not change the outcome of this appeal.

–4–

case remained under federal jurisdiction, including the time he exhausted his federal appellate rights, and did not begin "anew" until May 10, 2018, when the state court proceedings were reinstated by the state district court, which extended the deadline until June 21, 2018. As a result, Wilson contends that his expert reports were timely.

## A. Standard of Review

An appellate court reviews a trial court's decision to grant or deny a motion to dismiss claims for failure to comply with section 74.351 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *See Drake v. Walker*, 529 S.W.3d 516, 523 (Tex. App.—Dallas 2017, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). The trial court has no discretion in determining what the law is or applying the law to the facts. *Sanchez v. Martin*, 378 S.W.3d 581, 587 (Tex. App.—Dallas 2012, no pet.). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## B. Applicable Law

For suits involving a "health care liability claim," Chapter 74 requires the claimant to serve an adequate expert report within 120 days after the defendant's original answer has been filed. CIV. PRAC. & REM. §§ 74.351 (setting out expert report service requirements, deadline, and grounds for extension), 74.001(a)(13) (defining "health care liability claim"); *Scott v. Weems*, 575 S.W.3d 357, 362–63 (Tex. 2019). Dismissal with prejudice is required if an expert report is not timely served. CIV. PRAC. & REM. § 74.351(b)(2); *Scott*, 575 S.W.3d at 362–63. Although this deadline can lead to seemingly harsh results, strict compliance with this provision is mandatory. *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *Ogletree v. Matthews*, 262 S.W.3d 316, 320 (Tex. 2007).

The date for serving an expert report may be extended by written agreement of the affected parties. CIV. PRAC. & REM. § 74.351(a). However, in order for an agreed order or written agreement to extend the 120-day deadline to file an expert report to be effective, the order must explicitly indicate the parties' intention to extend that deadline and reference that specific deadline. *See Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 254 & n.5 (Tex. 2010); *Reid v. Seton Hosp.*, No. 03-16-00301-CV, 2016 WL 7046843, at *2 (Tex. App.—Austin Nov. 30, 2016) (mem. op.).

Once a notice of removal is filed, it "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see also In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624 (Tex. 2007) ("[f]rom the time the case was removed to federal court until it was remanded to state court, the state court was prohibited from taking further action[ ]"). Following removal, the federal court has exclusive jurisdiction over the action. *See In re Laza*, No. 12-17-00280-CV, 2018 WL 271833, at *1 (Tex. App.—Tyler Jan. 3, 2018, orig. proceeding)) (mem. op.) (per curiam); *J.P. Morgan Chase Bank, N.A. v. Del Mar Props., L.P.*, 443 S.W.3d 455, 460 (Tex. App.–El Paso 2014, no pet.). However, federal law provides that when a federal district court lacks subject-matter jurisdiction, a "certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c); *see Gonzalez v. Guilbot*, 315 S.W.3d 533, 536 (Tex. 2010). A remand transfers jurisdiction back to the state court on the claims that have been remanded. *See Gonzalez*, 315 S.W.3d at 537–38; *Paske v. Fitzgerald*, 499 S.W.3d 465, 470–71 (Tex. App.— Houston [1st Dist.] 2016, no pet.). Upon remand, the state court is to proceed from the point reached in the state court action prior to removal, as if no interruption had occurred. *See In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 258 (Tex. App.—San Antonio 2015, original proceeding); *Brogdon v. Ruddell*, 717 S.W.2d 675, 677 (Tex. App.—Texarkana 1986, writ ref'd

n.r.e.) (per curiam), *disapproved of on other grounds by Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226 (Tex. 1999).

### C. *Application of the Law to the Facts*

The parties do not dispute that Wilson's claims are health care liability claims, the date the Hospital filed its original answer, when the case was removed to the federal district court, when the state district court received the order of remand, or when Wilson served his expert reports. The only dispute between the parties in this appeal concerns when the 120-day deadline expired and the effect of the removal of the proceedings to federal district court. Assuming, without deciding, the removal of the case to federal district court tolled the 120-day deadline as Wilson contends, we must still address the parties' different methods of calculating the expiration of the 120-day deadline. The parties' arguments essentially turn on the effect of the state district court's orders to stay and reinstate the state court proceedings during the federal appeals process.

The Hospital filed its original answer on September 11, 2015. *See* CIV. PRAC. & REM. § 74.351(a) (120-day deadline for serving expert report calculated from date defendant's original answer filed). Then, ninety-one days later, on December 11, 2015, the case was removed to the federal district court vesting that court with exclusive jurisdiction over the case. *See* 28 U.S.C. § 1446(d); *In re Sw. Bell Tel.*, 235 S.W.3d at 624; *In re Laza*, 2018 WL 271833, at *1; *J.P. Morgan Chase*, 443 S.W.3d at 460. On September 27, 2016, the state district court received the order of remand from the federal district court, transferring jurisdiction back to the state district court and resuming the state proceedings as if no interruption had occurred. *See Gonzalez*, 315 S.W.3d at 537–38; *In re Univ. of the Incarnate Word*, 469 S.W.3d at 258.

Next, on February 8, 2017, Wilson filed an unopposed motion to stay the state court proceedings. In that motion, he requested a stay until the "final non-appealable resolution of the federal court case." Wilson did not explicitly request an extension of the 120-day deadline for

filing his expert report. On March 23, 2017, 167 days after it received the order of remand, the state district court signed an order granting that motion, which stated:

> On this date came on to be heard [Wilson's] Unopposed Motion to Stay, and the [state district court] having considered same, is of the opinion that said Motion should be granted. Accordingly,

> IT IS HEREBY ORDERED that this case is stayed pending request of either party to re-open or further order of this Court.

Similarly, the state district court's order does not explicitly reference the 120-day deadline. Then, on May 10, 2017,[3] the state district court signed an agreed order to reinstate the state court proceedings. That reinstatement order also does not reference the 120-day deadline to file an expert report. Accordingly, because the orders fail to explicitly indicate the parties' intention to extend the 120-day deadline or otherwise reference that deadline, we conclude the state district court's orders staying the state court proceedings and reinstating them had no effect on the 120-day deadline for filing an expert report. *See Spectrum Healthcare*, 306 S.W.3d at 254 & n.5 (Tex. 2010); *Reid*, 2016 WL 7046843, at *2. As a result, assuming without deciding the removal of the case to federal district court tolled the 120-day deadline, the record shows that ninety-one days had expired before the state court proceedings were removed to federal district court, so there were twenty-nine days remaining when the state district court received the order of remand from the federal district court on September 27, 2016. Therefore, the 120-day deadline for serving an expert report expired on October 26, 2016.[4] Wilson did not serve his expert reports until June 5 and 7, 2018.

---

[3] *See supra* n.2

[4] Wilson argues that the removal of the case to federal court extinguished any pre-existing Chapter 74 requirements and deadlines because jurisdiction was no longer vested in any court to which those rules apply. As a result, he contends that the 120-day deadline was reset when the case was remanded to the state district court. Even if we accepted Wilson's argument that the deadline began to run anew when the federal district court remanded the state law claims to the state district court and the order staying the state court proceedings stopped the deadline, which we do not, Wilson's argument fails because the state district court did not stay the proceedings until 167 days after it received the order of remand from the federal district court, which means the deadline ran before the case was stayed.

Further, even if we accepted Wilson's argument that the deadline did not resume until the U.S. Supreme Court denied his petition for certiorari on April 23, 2018, exhausting his federal appellate remedies, the remaining twenty-nine days would have expired on May 22, 2018, before he served his expert reports.

Because the expert reports were not timely served, the state district court was required to dismiss Wilson's claims against the Hospital with prejudice. CIV. PRAC. & REM. § 74.351(b)(2); *Scott*, 575 S.W.3d at 362. Accordingly, we conclude the state district court erred when it denied the Hospital's motion to dismiss.

The Hospital's sole issue on appeal is decided in its favor.

### III. CONCLUSION

The state district court erred when it denied the Hospital's motion to dismiss.

We reverse the state district court's order denying the Hospital's motion to dismiss. We render an order dismissing Wilson's claims against the Hospital with prejudice. We remand the case to the state district court to award the Hospital relief under section 74.351(b) of the Texas Civil Practice and Remedies Code.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

181049F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND HEALTH
AND HOSPITAL, Appellant

No. 05-18-01049-CV     V.

CHARLIE WILSON, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE
ESTATE OF DEBRA WILSON, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-09089.
Opinion delivered by Justice Osborne.
Justices Myers and Nowell participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH AND HOSPITAL's Chapter 74 motion to dismiss is **REVERSED** and an order is **RENDERED** that:

dismisses with prejudice appellee CHARLIE WILSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DEBRA WILSON's claims against appellant DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH AND HOSPITAL.

The case is **REMANDED** to the trial court for further proceedings consistent with this Court's opinion.

It is **ORDERED** that appellant DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH AND HOSPITAL recover its costs of this appeal from appellee CHARLIE WILSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DEBRA WILSON.

Judgment entered this 7th day of August, 2019.