**DISMISS and Opinion Filed December 14, 2021**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

_____

## No. 05-20-00858-CV
_____

**MICHEL B. MORENO, Appellant**
**V.**
**ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST,**
**Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-01025**

## MEMORANDUM OPINION

Before Justices Myers and Garcia[1]
Opinion by Justice Garcia

Michael Moreno and MOR MGH Holdings, LLC ("Moreno") appeal the

denial of a motion to vacate a foreign judgement domesticated in Texas.

Concluding the appeal is untimely, we dismiss for want of jurisdiction.

### I. BACKGROUND

Moreno served as Chairman of the Board of Directors and CEO of

Greenfield Energy Services, Inc. ("Greenfield") until its Chapter 11 liquidation in

_____

[1] Chief Justice Burns, sitting for Justice Molberg, recused himself from this matter.

Delaware bankruptcy proceedings. During the bankruptcy, Alan Halperin, trustee of the GFES Liquidation Trust ("Trustee") commenced adversary proceedings against Moreno, MOR MGH and another related entity on various claims.

As relevant here, after a trial on the merits, the bankruptcy court found that Moreno tortiously interfered with MOR MGH's obligations because he wrongfully diverted monies intended for Greenfield and used the funds to purchase a personal home in Dallas, Texas (the "Highland Park Property"). The court recommended that damages be awarded on the trustee's tortious interference claim and that a constructive trust in the amount of $10 million be imposed on the Highland Park Property. The United State District Court agreed and entered final judgment against Moreno for $16,607,081. in damages and pre-judgment interest on that amount and a $10 million constructive trust on the Highland Park Property. *See In re Greenfield Energy Services, Inc.*, 610 B.R. 760, 775 (D. Del. 2019). The Third Circuit Court of Appeals affirmed the district court's judgment. *See In re Green Field Energy Services, Inc.*, 834 F. Appx 695, 698 (3rd Cir. 2020) (unpublished) (collectively, the "Foreign Judgment").

On January 22, 2020, the Foreign Judgment was domesticated in the Texas state district court (the "Texas Judgment") in accordance with the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008. Moreno filed a motion to vacate the Texas Judgment

on February 14, 2020, arguing that the Texas homestead exemption precludes enforcement of the constructive trust.

On February 21, 2020, Moreno's wife ("Wife") filed a petition in intervention asserting a claim to quiet title on the Highland Park Property. The Trustee subsequently asserted a fraudulent transfer claim against Wife and Moreno's sister and a claim for judicial foreclosure to enforce the Texas Judgment against the Highland Park Property.

On September 10, 2020, the trial court denied Moreno's motion to vacate. Moreno filed his notice of appeal from that order on September 28, 2020.

## II. ANALYSIS

Moreno argues that we have jurisdiction over this appeal, or alternatively, that the appeal is interlocutory because there is no final judgment. Moreno further argues that the trial court's order denying the motion to vacate is void because the constructive trust imposed by the Foreign Judgment violates Texas law protecting homestead exemptions. The Trustee argues that we have no jurisdiction over the appeal because Moreno's notice of appeal was untimely. We agree with the Trustee.

The United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. Const. art. IV, § 1. Thus, a judgment creditor may enforce a foreign judgment in Texas under Texas's version of the UEFJA by filing an authenticated copy of the

judgment in a Texas court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a). When a judgment creditor proceeds under the UEFJA, the creditor's filing of the judgment is "both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ).

Any motion to contest the recognition of a foreign judgment filed within 30 days after the foreign judgment is filed operates as a motion for new trial. *Id.* at 23. When, as here, a timely post-judgment motion extending the appellate timetable is filed, a notice of appeal is due 90 days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a).

The trustee filed the Foreign Judgment on January 22, 2020. Moreno filed a timely motion to vacate on February 14, 2020, which acted as a motion for new trial. Thus, the notice of appeal was due on April 21, 2020. *See* TEX. R. APP. P. 26.1(a). Moreno's notice of appeal, however, was not filed until September 28, 2020. This notice was untimely. *See id.* Without a timely filed notice of appeal, this Court lacks jurisdiction. *See id.* 25.1(b); *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (timely notice of appeal is jurisdictional prerequisite).

Moreno argues that he is appealing the trial court's September 10, 2020 written order denying his motion to vacate. But this order is void because the court's plenary power expired on May 6, 2020. *See* TEX. R. CIV. P. 329b(e); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (judicial action taken after trial court's plenary power expires is nullity and renders action void).

Specifically, when a motion for new trial is not determined by written order signed within seventy-five days after the judgment, the motion is overruled by operation of law. TEX. R. CIV. P. 329b (c); *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020). The trial court's plenary power expires thirty days after a timely filed motion for new trial is denied or overruled by operation of law, extending to a maximum of 105 days after the entry of judgment. *See* TEX. R. CIV. P. 329b(c), (e); *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996). Accordingly, the trial court's plenary power over the January 22, 2020 Texas Judgment expired on May 6, 2020 and the September 10, 2020 written order, entered approximately four months after such expiration, is void. *See Dickson*, 987 S.W.2d at 571; *see also State ex rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

Our jurisdiction extends only so far as the trial court's jurisdiction. *See J.P. Morgan Chase Bank, N.A. v. Del Mar Properties, L.P.*, 443 S.W.3d 455, 459 (Tex. App.—El Paso 2014, no pet.). When, as here, an order or judgment is rendered by a court after its plenary power has expired, an appellate court's jurisdiction is

limited to setting aside the order or judgment and dismissing the appeal for want of jurisdiction. *See Latty*, 907 S.W.2d at 486.

Moreno further argues that the appeal is timely because the third-party petition the Trustee filed against Moreno's sister on August 27 prevented the judgement from being final. According to Moreno, the judgment did not become final until May 7, 2021, when Moreno's sister obtained an order sustaining her special appearance.[2] Relying on this date, Moreno insists that his appeal was timely. Moreno also argues that the notice of appeal was premature because Wife's intervention and the ancillary third-party claims rendered the Texas Judgment interlocutory. We are not persuaded by these arguments.

The Foreign Judgment became a final Texas Judgment on January 22, 2020, the day it was filed. *See Int'l Armament Corp. v. Stocker & Lancaster LLP*, 565 S.W.3d 823, 826 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (an authenticated foreign judgment constitutes a final judgment on the day it is properly filed in Texas). "By its very nature, the UEFJA does not contemplate or authorize the entry of a judgment replacing the foreign judgment." *Jahan Tigh v. De Lage Landen Financial Svs.*, 545 S.W.3d 714, 721 (Tex. App.—Fort Worth 2018, no pet.); *see also Moncrief*, 805 S.W.2d at 23 (explaining that post judgment

---

[2] The Trustee's appeal of that order, however, was not an appeal from a final judgment. Rather, it was interlocutory. *See MBM Family Trust v. GE Oil & Gas, LLC*, No. 05-20-01103-CV, 2021 WL 4236874, at *5 (Tex. App.—Dallas Sept. 17, 2021 no pet. h.) (mem. op.).

motions seek to contest enforceability of foreign judgment, not adjudication of rights, because rights were adjudicated when the judgment was originally imposed). In fact, it is well settled that a Texas trial court has no jurisdiction to set aside another state's judgment and return the parties to the positions they occupied before the foreign judgment was rendered. *See Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 483 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). An intervention and a third-party claim in an enforcement proceeding do not in any way alter this fact.

Once final, as with judgments originally rendered in Texas, subsequent proceedings relating to the judgment concern enforcement. A foreign judgment filed under the UEFJA is treated "in the same manner as a judgment of the court in which the foreign judgment is filed" and has "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b), (c); *see also Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied).

"Under the UEFJA, the party seeking to enforce a foreign judgment has the initial burden to present a judgment that appears on its face to be a final, valid, and subsisting judgment." *Counsel Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 51 (Tex. App.—San Antonio 2010, pet. denied). "When a judgment creditor files an authenticated copy of a foreign judgment, he satisfies his

burden of presenting a prima facie case for enforcement under the UEFJA. A debtor may then challenge the enforceability of that judgment (rather than the judgement itself) by filing a post-judgment motion, typically a motion to vacate. *See Moncrief*, 805 S.W.2d at 23; *see also Lawrence Sys., Inc. By & Through Douglas-Guardian Warehouse Corp. v. Superior Feeders, Inc*., 880 S.W.2d 203, 208 (Tex. App.—Amarillo 1994, writ denied) (primary purpose for filing a foreign judgment in Texas is enforcement).

In a post-judgment challenge to enforcement, the burden of establishing why the judgment should not be given full faith and credit is on the judgment debtor. *Clamon v. DeLong*, 477 S.W.3d 823, 825–26 (Tex. App.—Fort Worth 2015, no pet.). To meet its burden, the judgment debtor must "prove by clear and convincing evidence that the foreign judgment should not be given full faith and credit." *Counsel Fin. Servs., L.L.C*., 311 S.W.3d at 51.

Moreno provides no authority, nor are we aware of any, that a post-judgment proceeding to determine whether a foreign judgment should be afforded full faith and credit somehow transforms the finality of that judgment. To the contrary, the judgment is either enforceable or it isn't. *See Cumberland Surg. Hosp. of San Antonio, LLC v. CCA Financial, LLC*, No. 04-19-00354-CV, 2019 WL 6499224, at *5 (Tex. App.—San Antonio Dec. 4, 2019, no pet.) (mem. op.) (describing five exceptions to full faith and credit requirements). As the record clearly demonstrates, Wife's intervention and the Trustee's ancillary filings all pertain to

enforcement of the Texas Judgment. Wife seeks to adjudicate her interest in the Highland Park Property that will be used to satisfy the judgment. Indeed, as Moreno acknowledges, Wife did not seek relief altering the Trustee's judgment against Moreno; "she sought only to assert her own homestead rights in the [Highland Park Property]." Likewise, the Trustee's claims against Moreno's sister and Wife seek to set aside a transfer of an interest in the property to be foreclosed. None of these determinations will or could affect the substance of the Foreign Judgment against Moreno. Nor do they render the final Texas Judgment interlocutory. Rather, these claims will adjudicate the extent to which that judgment may be enforced in Texas.

Because the notice of appeal of the trial court's denial of the motion to vacate the final judgment was untimely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


200858F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHEL B. MORENO, Appellant

No. 05-20-00858-CV          V.

ALAN HALPERIN, AS TRUSTEE
OF THE GFES LIQUIDATION
TRUST, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-01025.
Opinion delivered by Justice Garcia.
Justices Myers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST recover his costs of this appeal from appellant MICHEL B. MORENO.

Judgment entered December 14, 2021.