

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00064-CV

**ROBSTOWN HARDWARE COMPANY** and Deere & Company,
Appellants

v.

Heather J. **IDEUS** and Arlen Ideus,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-21-175
Honorable Baldemar Garza, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: July 20, 2022

DISMISSED FOR LACK OF JURISDICTION

On January 31, 2022, appellants Robstown Hardware Company and Deere & Company filed an interlocutory appeal challenging the trial court's order denying their motion to transfer venue. When appellants filed their brief, they also asked us to consider it alternatively as a petition for writ of mandamus. We then set the case for submission on briefs on June 13, 2022, and shortly thereafter, on June 16, 2022, appellants removed the underlying case from state district court to federal court, where it is now pending in the United States District Court for the Southern District of Texas, Corpus Christi Division, Civil Action No. 2:22-cv-132.

Once a notice of removal is filed, it "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see also In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624 (Tex. 2007); *In re Zhou*, No. 14-21-00424-CV, 2021 WL 4537849, at *1 (Tex. App.—Houston [14th Dist.] Oct. 5, 2021, orig. proceeding) (mem. op.); *In re Laza*, No. 12-17-00280-CV, 2018 WL 271833, at *1 (Tex. App.—Tyler Jan. 3, 2018, orig. proceeding) (mem. op.) (per curiam). "Following removal, the federal court has exclusive jurisdiction over the action." *Zhou*, 2021 WL 4537849, at *1 (citing *Laza*, 2018 WL 271833, at *1 and *J.P. Morgan Chase Bank, N.A. v. Del Mar Props., L.P.*, 443 S.W.3d 455, 460 (Tex. App.—El Paso 2014, no pet.)). In this case, appellants' joint removal to federal court vested the federal court with exclusive jurisdiction over this matter. *See* 28 U.S.C. § 1446(d); *Sw. Bell Tel. Co., L.P.*, 235 S.W.3d at 624; *Zhou*, 2021 WL 4537849, at *1; *Laza*, 2018 WL 271833, at *1; *J.P. Morgan Chase Bank, N.A.*, 443 S.W.3d at 460.

We therefore lack jurisdiction over this case, and we dismiss appellants' appeal and alternatively pled petition for writ of mandamus for lack of jurisdiction. *See Zhou*, 2021 WL 4537849, at *1 (dismissing original proceeding for lack of jurisdiction following filing of notice of removal); *Russell v. Dall. Indep. Sch. Dist.*, No. 05-10-00563-CV, 2010 WL 2839633, at *1 (Tex. App.—Dallas July 21, 2010, no pet.) (dismissing appeal for lack of jurisdiction after case removed from state to federal court).

Luz Elena D. Chapa, Justice